## GLUCKSMAN *v.* HENKEL, UNITED STATES MARSHAL.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 944.   Argued April 6, 7, 1911.—Decided May 29, 1911.

While a person is not to be sent from this country on mere demand or surmise, this Government should respond to a request for extradition if there is reasonable ground to suppose the accused to be guilty of an extraditable crime, even if presented in untechnical form; good faith demands this much in carrying out an extradition treaty.

Courts are bound by the existence of an extradition treaty to assume that the trial in the demanding State will be fair.

Where a magistrate of a demanding State certifies of his own knowledge to the identity of photographs, the courts of this country will presume in extradition proceedings that he had reason for so doing.

In this case *held* that although the presentation was untechnical it was sufficient to justify surrender.

Where the complaint calls the instruments alleged to have been forged bills of exchange and the evidence showed they were promissory notes the variance will not defeat surrender where the instruments are identified and there is a plain charge of forgery.

If an extraditable crime under the law of the State where the accused is found is sufficiently charged, the effect of variance between complaint and proof is a matter to be decided on general principles irrespective of the law of that State. *Wright* v. *Henkel,* 190 U. S. 40; *Petit* v. *Walshe,* 194 U. S. 205, distinguished.

Even though the complaint be sworn to on information and belief, if it is supported by testimony of witnesses stated to have deposed, the court will presume that they were sworn and the complaint is sufficient. *Rice* v. *Ames,* 180 U. S. 371.

THE facts are stated in the opinion.

*Mr. Chas. Dushkind* for appellant:

A writ of *habeas corpus* cannot perform the functions of

a writ of error; nevertheless this court will go behind the commitment to ascertain whether there was any legal evidence to give the Commissioner jurisdiction, since in the absence of some legal proof the Commissioner has no jurisdiction.   Art. 1, Treaty with Russia; *Terlinden* v. *Ames,* 184 U. S. 541.

The laws of the State where the fugitive is found and not the acts of Congress are to govern in such cases. *Wright* v. *Henkel,* 190 U. S. 61; *Pettit* v. *Walshe,* 194 U. S. 205.

In New York the magistrate has no jurisdiction and cannot act unless there is some competent legal proof to establish a probable cause.   *People* v. *Wells,* 57 App. Div. 140; Church, Hab. Corp. p. 319; *Ex parte Jenkins,* Fed. Cas. No. 7259; *In re Henry,* 35 N. Y. Supp. 210; *Perkins* v. *Moss,* 187 N. Y. 410; *Ex parte Swartwout,* 4 Cranch, 75.

The prisoner traversed the return and hence the court can properly review the evidence to ascertain whether there was any legal evidence upon which the Commissioner could act.   There is no legal evidence in the case at bar to show that a crime has been committed.

There is no legal proof in the case at bar establishing the identity of the prisoner, but on the contrary the evidence shows affirmatively that the prisoner is not the man who is alleged to have committed the crime.

The photographs were not properly authenticated as evidence by certificates of the consul.   *In re Henrich,* 5 Blatchf. 414; *In re McPhun,* 30 Fed. Rep. 60.

Assuming that the evidence as to the criminality is sufficient the prisoner must be discharged because the complaint charges the accused with having forged and offered forged bills of exchange whereas the proof shows that he had forged notes.   *Wright* v. *Henkel,* 190 U. S. 40, and *Pettit* v. *Walshe,* 194 U. S. 205.   This case is to be governed by the laws of New York; and *People* v. *Geyer,* 196 N. Y. 367, is controlling on this point.   See also *People* v.

*Poucher*, 30 Hun (N. Y.), 576; *Besck* v. *State*, 44 Texas, 620; Bishop on Statutory Crimes, 3d ed., § 346; *Hamilton* v. *State*, 28 Am. Rep. 653; *State* v. *Jim*, 3 Murph. 3; *Commonwealth* v. *Sweeney*, 1 Va. Cas. 151; *McAuly* v. *State*, 7 Yerg. 526; *Johnston* v. *State*, Mart. & Yerg. 129; *Johnson* v. *State*, 11 Oh. St. 324; *State* v. *Carr*, 16 So. Rep. 155; *State* v. *Cullins*, 72 N. Car. 144.

Under the treaty that requires an offense to be a crime in both countries, it is of course necessary that the laws of Russia should be proven to show that the forging or passing of a forged bill of exchange is a crime.

The complaints in extradition cases must describe the crime with some degree of accuracy in order that the accused may avail himself of the benefit of the rule of law that he cannot be tried for any other offense than that charged in the extradition proceedings. *United States* v. *Rauscher*, 119 U. S. 407; *Ex parte Hibbs*, 26 Fed. Rep. 431; Field, Extra., 107.

The complaint is likewise bad because it fails to set forth facts sufficient to constitute a crime. The complaint is insufficient and defective and should be dismissed under authority of *Rice* v. *Ames*, 180 U. S. 371; *Ex parte Lane*, 6 Fed. Rep. 38. *Grin* v. *Shine*, 187 U. S. 181, in no way qualifies or modifies the rule laid down. *Rice* v. *Ames, supra*. See *Ex parte M'Cabe*, 46 Fed. Rep. 368.

Without a sufficient complaint on oath there is no jurisdiction to issue the warrant. *In re Heilbonn*, 1 Parker, Crim. R. 436. See also *In re Farez*, 7 Blatchf. 345; *In re Henrich*, 5 Blatchf. 414; *Ex parte Lane, supra; In re Roth*, 15 Fed. Rep. 507; Whart., Confl. Law, § 848; Spear, Extradition, 250; 7 Am. & Eng. Ency. of Law, 623, and note.

The marshal's return to the writ is insufficient because it shows that both the warrant and the final commitment are of no legal force inasmuch as no crime is recited therein. *People* v. *Drayton*, 168 N. Y. 12.

This is an extraordinary proceeding and before a person within the jurisdiction of the United States is to be deprived of his liberty and sent four thousand miles away as a prisoner to stand trial upon a criminal charge the greatest caution should be exercised. *In re Extradition of Wedge*, 15 Fed. Rep. 866.

The papers in this case show that the real purpose of this proceeding is not the forgery charge, but that it had been instituted by creditors as a matter of personal spite, malice and vengeance. *Grin* v. *Shine*, 187 U. S. 133, 134.

The interpretation of statutes has always in modern times been highly favorable to the personal liberty of the subject, and should always remain so. *Murray* v. *Reg.*, 7 Q. B. 707; *United States* v. *Wiltberger*, 5 Wheat. 95.

*Mr. Frederic R. Coudert*, with whom *Mr. Charles A. Conlon* was on the brief, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a proceeding by *habeas corpus* and certiorari to test the validity of a commitment of the appellant, Glucksman, for extradition to Russia. The Circuit Court dismissed the writs and remanded the prisoner, who thereupon appealed to this court. The complaint three times charges the forgery of the signature of one Tugendriach to bills of exchange for one hundred roubles, and following each such charge alleges the fraudulent utterance of bills for the same sum to merchants named Bierenzweig, Traidenraich and Selinsky, and obtaining goods from them of that value. This last is alleged to constitute the crime of uttering forged paper, although it is not expressly alleged that the bills fraudulently uttered were forged, as pretty plainly is meant. The ground of the appeal is that there is no sufficient evidence to warrant extradition on the charge.

It is common in extradition cases to attempt to bring to bear all the factitious niceties of a criminal trial at common law. But it is a waste of time. For while of course a man is not to be sent from the country merely upon demand or surmise, yet if there is presented, even in somewhat untechnical form according to our ideas, such reasonable ground to suppose him guilty as to make it proper that he should be tried, good faith to the demanding government requires his surrender. *Grin* v. *Shine*, 187 U. S. 181, 184. See *Pierce* v. *Creecy*, 210 U. S. 387, 405. We are bound by the existence of an extradition treaty to assume that the trial will be fair. The evidence in this case seems to us sufficient to require us to affirm the judgment of the Circuit Court.

According to the translation of the Russian documents accompanying the demand, Birenzweig, a merchant, 'deposed' on July 7, 1910, that the Lodz merchant, Leiba Glikeman, in the previous June endorsed to him in payment for goods a note for one hundred roubles purporting to be drawn by a Tugendreich who resides in Ozorkov; that a few days later he learned that Glikeman had left those parts and that he was confirmed by Tugendreich in his suspicion that the note was spurious. Fraidenreich, a merchant, deposed to like effect, giving the name of the purported drawer of the note as Moschek-Leiba Tugendreich. And so did Zelinsky. Birenzweig and Fraidenreich produced their notes. Moschek-Leiba Jakubov-Maerov Tugendreich deposed that he was a merchant in Ozorkov, that he never drew any notes in Glikeman's favor, that the signatures on the notes produced by Birenzweig and Fraidenreich represented a kind of imitation of his signature, and that the text of his notes was written by Glikeman, (with whom he had had dealings). There is no rational doubt that the evidence tends to show that Leiba Glikeman, a leather merchant of Lodz, forged notes of the above-named Tugendreich

and disappeared before July 7, 1910. The prisoner by his own admission was a leather merchant and came from Lodz, arriving in New York on or about August 3, 1910. When first arrested he said that he had enemies on the other side who were bringing these charges against him, and, as we think it appears, tried to bribe the officers to let him go. He also said that the spelling of his name Glucksman was a typographical error, that his name was Lewek Glicksman. The Russian magistrate sends a description of Leiba-Levek Pinkusov Glikeman, which is worthless, as such descriptions generally are, but adds certainty to the correspondence of the name of the person referred to in the proceedings in Russia, with that of the prisoner, and after the description the magistrate adds: "A photograph of Glikeman is hereto attached," with his seal on the card, and the photograph represents the prisoner. It is objected that there is no deposition that the photograph represents the party accused, and it may be that in other circumstances we should require further proof. But the magistrate in certifying as if of his own knowledge, presumably had some reason for doing so, and taking the convergence of the other facts mentioned toward the prisoner as the party accused, we cannot say that the Commissioner was wrong in finding the identity made out.

One or two subordinate matters need but a bare mention. The complaint speaks of bills of exchange, the evidence shows the forged instruments to have been promissory notes. The instruments are identified sufficiently and for this purpose no more is needed. Neither *Wright* v. *Henkel*, 190 U. S. 40, nor *Pettit* v. *Walshe*, 194 U. S. 205, indicates that because the law of New York in this case may determine whether the prisoner is charged with an extraditable crime, it is to determine the effect of such a variance between evidence and complaint. That is a matter to be decided on general principles, irrespec-

tive of the law of the State. The complaint is sworn to upon information and belief, but it is supported by the testimony of witnesses who are stated to have deposed and whom therefore we must presume to have been sworn. That is enough. *Rice* v. *Ames*, 180 U. S. 371, 375.

*Judgment affirmed.*