## BAGLEY v. STARWICH, Sheriff.

(Circuit Court of Appeals, Ninth Circuit.
October 12, 1925.)

No. 4594.

1. **Extradition** ⟨key⟩14(2) — **Admission in evidence of depositions and photograph held proper method of establishing accused's identity.**

In proceedings to extradite one charged with bank robbery in British Columbia, admission in evidence of depositions authenticated by certificate of United States consul in manner prescribed by Comp. St. §§ 10111, 10116, and photograph of one of bank robbers, authenticated by two witnesses, and attached to depositions which appeared to be likeness of accused, *held* proper method of proving identity.

2. **Habeas corpus** ⟨key⟩87—**Dismissal of proceedings without affording one held for extradition opportunity to introduce evidence held not error.**

Rem. & Bal. Code Wash. § 1949, does not forbid one accused in extradition proceedings from introducing evidence on his own behalf before committing magistrate, and accused, who has had opportunity to so do and has declined, may not complain that subsequent habeas corpus proceedings are dismissed without his being given second opportunity.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Habeas corpus proceeding by William Bagley against Matt Starwich, Sheriff of King County, Wash. From an order remanding petitioner to custody, he appeals. Affirmed.

R. B. Harris and Geo. H. Crandell, all of Seattle, Wash., for appellant.

Patterson & Ross, of Seattle, Wash., for appellee.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge. A warrant was issued in the county of Victoria, British Columbia, for the arrest of appellant on a charge of bank robbery. On the 9th of January, 1925, Bert C. Ross swore to a complaint before Mitchell Gilliam, one of the superior judges of King county, Wash., charging that appellant had fled from British Columbia and was then in King county, Wash. Appellant was arrested on a warrant based on this complaint. A hearing was had before Judge Gilliam on the 12th and 13th of January, at which appellant was represented by counsel. Judge Gilliam ordered appellant held in the custody of appellee until delivered up on requisition of the prop-

er authorities of British Columbia in accordance with the Extradition Treaty between the United States and Great Britain (26 Stat. 1508). Appellant thereupon filed a petition for habeas corpus in the District Court of the United States for the Western District of Washington, Northern Division. He attached to his petition a copy of the proceedings had before Judge Gilliam. When appellee had answered, the District Court dismissed the writ and remanded appellant.

[1] The offense with which appellant is charged is extraditable under our treaty with Great Britain. Powell v. United States, 206 F. 400, 402, 403, 124 C. C. A. 282. It appears affirmatively that Bert C. Ross, who made complaint before Judge Gilliam, was duly authorized so to do; the proceeding is therefore one brought by the proper representative of the demanding state. In re Kelly (C. C.) 26 F. 852, 856; In re Herris (C. C.) 33 F. 165, 166. Depositions taken in British Columbia were received in evidence; these depositions were duly authenticated by the certificate of the United States consul at Victoria in the manner and with the effect prescribed by sections 10111 and 10116 of the Compiled Statutes. A photograph of one of the robbers, authenticated by two witnesses, is attached as an exhibit to these depositions, and it appears that this is a photograph of appellant. This was a proper method in which to prove the identity of appellant with the robber. Glucksman v. Henkel, 221 U. S. 508, 513, 31 S. Ct. 704, 55 L. Ed. 830. There was abundant proof to satisfy the requirement of probable cause.

[2] The only ground on which the proceedings are attacked on this appeal is that the petition in habeas corpus was dismissed on the pleadings, and appellant was given no opportunity in the District Court to prove that he was not in British Columbia on the 12th of December, 1924, when the crime was committed. The record shows that appellant had this opportunity at the hearing before Judge Gilliam, and that he declined to offer any proof. It is argued that the Washington statute (section 1949 of the Remington & Ballinger Code) does not authorize a party accused of crime to introduce evidence in his own behalf before a committing magistrate. The statute does not forbid the introduction of such evidence, and Judge Gilliam was warranted in extending to appellant the opportunity to make his proof. Appellant having had an opportunity to be heard, and the proceedings being otherwise regular, the commitment was proper. The

facts fully appearing from the exhibits attached to appellant's petition and appellee's return to the order to show cause, the District Court did not err in dismissing the petition without taking evidence.

The decree is affirmed.