## Ex parte ROMANO.
### No. 10005–J.

District Court, S. D. California, Central Division.

May 12, 1930.

Cooper & Collings, of Los Angeles, Cal., for petitioner.

Andreani & Haines, of Los Angeles, Cal., for respondent.

Samuel W. McNabb, U. S. Atty., of Los Angeles, Cal., for the United States.

COSGRAVE, District Judge.

This matter comes before the court upon a writ of habeas corpus in behalf of Joe Romano, whose true name is said to be Bellomo Scili Baldassare (in said writ named Joe Romano, alias Valdassere Bellano Scili).

The petition alleges that the petitioner is unlawfully restrained of his liberty by the United States Marshal for the Southern district of California.

The record shows that the Italian Ambassador to the United States had made application for the arrest of relator pursuant to existing treaty stipulations between the United States and Italy, charging him with the crime of murder. The complaint was accordingly made under oath by the Vice Consul of Italy at Los Angeles on behalf of his government, which charges that Bellomo Scili Baldassare, alias Joe Romano, had committed murder in Italy, and praying that a warrant be issued for his arrest, and that he be held for extradition.

He was arrested at Santa Barbara on February 22, 1930, and hearing was had before United States Commissioner Head on April 17th following. At this hearing depositions of witnesses and proceedings before the magistrate of the district where the offense was committed were introduced showing that the murder was committed at Bivona, Island of Sicily, in April, 1922; that the murderer had fled and escaped capture, and charging Bellomo Scili Baldassare with the crime.

A photograph identified as that of the murderer by two witnesses residing at Bivona, where the crime was committed, was attached to the depositions and introduced in evidence at the hearing. The relator admitted coming from San Stefano, a small town three or four miles from Bivona; that he had sailed from Palermo to Naples and then to New York, but he claimed that he had done so in 1921, the year preceding the commission of the crime. The Commissioner identified the relator as the original of the photograph placed in evidence. No question is raised on the hearing on behalf of the relator as to the sufficiency of the extradition proceeding, the case in his behalf resting upon what is claimed to be the insufficiency of the identification of the relator as being the man charged with the crime.

The commission of the offense having been established to the satisfaction of the Commissioner, the offense being an extraditable one and the extradition proceedings being admittedly sufficient, it was clearly within the power of the Commissioner to find in the circumstances above outlined sufficient evidence to establish the identity of the relator as Bellomo Scili Baldassare, alias Joe Romano, the individual charged with the crime, and that probable cause exists for holding the

prisoner. Glucksman v. Henkel, 221 U. S. 508, 31 S. Ct. 704, 55 L. Ed. 830.

The writ is therefore dismissed, and the prisoner remanded to the custody of the United States Marshal.