**UNITED STATES of America ex rel. Sol R. RAUCH and Harold D. Rauch, Petitioners,**

v.

**Joseph STOCKINGER and Alex Krinsky, Respondents.**

Misc. No. 2189.

United States District Court
E. D. New York.

Feb. 16, 1959.

Block & Block, New York City, for petitioners, by Max J. LeBoyer, Brooklyn, N. Y., of counsel.

Cornelius W. Wickersham, Jr., U. S. Atty., for the Eastern Dist. of New York, Brooklyn, N. Y., for United States.

Dreiband, Bleecker & Silberman, New York City, for respondent, Joseph Stockinger, by Alexander Dreiband, New York City, of counsel.

BYERS, Chief Judge.

A Writ of Habeas Corpus was granted bearing the above caption, to inquire into the legality of the custody of the U. S. Marshal for this District into which the relators were ordered, pending their extradition to Canada, at the instance of the Government of that country.

The Commissioner before whom the proceeding was laid pursuant to Tit. 18 U.S.C. § 3184, has decided and determined that "the prosecution has, by ample evidence, established probable cause that the crime of larceny as contained in the Penal Law of Canada, and as defined by the Treaties and Supplementary Conventions thereto, and the Penal Laws of the State of New York, was committed by the defendants, and the Commissioner will certify to the Secretary of State that the defendants be extradited to the Province of Ontario, Canada, for prosecution."

There are five persons named in the indictment filed in the Supreme Court of Ontario, of whom but two, Sol R. Rauch and Harold D. Rauch are the relators before the court.

No question of identity is involved, since that was conceded in the record before the Commissioner.

It is stated in the complaint or petition for extradition that the indictment was filed on September 8, 1958. An examination of the documentary evidence submitted to the Commissioner (there was no oral testimony) is convincing to this court that the action taken was legally justified, and the Writ will be dismissed for reasons briefly to be stated.

For present purposes, the offences charged in the indictment are:

(1) that the defendants named, during the year 1957 at Toronto and elsewhere, "did steal money and securities to the value of $960,000.00 more or less, the property of Brilund Mines Limited, contrary to the Criminal Code."

(2) that the said defendants during the same year and at the same places "by deceit, falsehood or other fraudulent means defrauded Brilund Mines Limited of money and securities to the value of $960,000.00 more or less, contrary to the Criminal Code."

It is not argued for the relators that the documentary evidence submitted to the Commissioner, namely the original information, the indictment later filed, and the depositions upon which the said charges were laid, do not constitute a prima facie showing that the relators did the things charged. The contention is that the failure to include in the indictment the words "with intent to, etc." render it of no legal effect, and that the Commissioner should have so held, and refused to grant extradition.

The controversy can be resolved without extensive discussion because:

A. The applicable treaties provide that extraditable offences include:

1. Larceny

2. Obtaining money, valuable securities or other property by false pretenses; or by defrauding the public by deceit or falsehood or any fraudulent means whether such deceit would or would not amount to a false pretense.

See Treaties between the United States and Great Britain of 1842, 1889, and 1900, 8 Stat. 572, 26 Stat. 1508, 32 Stat. 1864. The Supplemental Convention of July 12, 1889 may be consulted in this connection.

B. The offences charged fall within the provision of Art. X of the Treaty of 1842 which requires delivery up of all persons where the evidence of criminality is "according to the laws of the place (New York State in this instance) where the fugitive or person so charged shall be found, would justify his apprehension and commitment for trial."

See Penal Law of the State of New York, McKinney's Consol.Laws, c. 40, §§ 1290, 1294, 1295.

C. The following language of the Supreme Court (Mr. Justice Holmes) in Glucksman v. Henkel, 221 U.S. 508, at page 512, 31 S.Ct. 704, at page 705, 55 L.Ed. 830, is thought to apply here:

"It is common in extradition cases to attempt to bring to bear all the factitious niceties of a criminal trial at common law. But it is a waste of time. For while, of course, a man is not to be sent from the country merely upon demand or surmise, yet if there is presented, even in somewhat untechnical form according to our ideas, such reasonable ground to suppose him guilty as to make it proper that he should be tried, good faith to the demanding government requires his surrender. Grin v. Shine, 187 U.S. 181, 184, 23 S.Ct. 98, 47 L.Ed. 130, 133. See Pierce v. Creecy, 210 U.S. 387, 405, 28 S.Ct. 714, 52 L.Ed. 1113, 1122."

See further, Wright v. Henkel, 190 U.S. 40, 23 S.Ct. 781, 47 L.Ed. 948; Factor v. Laubenheimer, 290 U.S. 276, 54 S.Ct. 191, 78 L.Ed. 315; United States ex rel. Hatfield v. Guay, D.C., 11 F.Supp. 806, modified 1 Cir., 87 F.2d 358, certiorari denied 300 U.S. 678, 57 S.Ct. 669, 81 L.Ed. 883.

D. While it is true that both the Criminal Code of Canada in Sections 269(1), 274, 276, 280, 323(1), 2(15) et seq. are relied upon to support the indictment, the first named is the one upon which the relators' present argument is based. That section reads:

"*Section 269*

"(1) Every one commits theft who fraudulently and without colour of right takes, or fraudulently and without colour of right converts to his own use or to the use of another person, anything whether animate or inanimate, with intent

"(a) to deprive temporarily or absolutely, the owner of it or a person who has a special property or interest in it, of the thing or of his property or interest in it,

"(b) to pledge it or deposit it as security,

"(c) to part with it under a condition with respect to its return that the person who parts with it may be unable to perform, or

"(d) to deal with it in such a manner that it cannot be restored in the condition in which it was at the time it was taken or converted.

"(2) A taking or conversion of anything may be fraudulent notwithstanding that it is effected without secrecy or attempt at concealment.

"(3) For the purpose of this act the question whether anything that is converted is taken for the purpose of conversion, or whether it is, at the time it is converted, in the lawful possession of the person who converts it is not material."

It is the presence of the words "with intent" in the statute, and their absence

from the indictment, that the relators rely upon to sustain their cause.

Section 1290 of the New York Penal Law dealing with larceny provides that "a person who, with *intent* (ital. supplied) to deprive or defraud another of the use and benefit of property * * * wrongfully takes, obtains or withholds, by any means whatever, from the possession of the true owner * * * any money * * *, steals such property and is guilty of larceny."

If the matter were before me for decision, I should find no difficulty in holding that to charge a man with stealing certain property from its true owner, in violation of the above statute, would be to charge him with intentionally depriving another of his property, i.e., with larceny; that the word "steal" necessarily involves the required intent, and plainly negatives a benevolent or lawful purpose. It is the sheerest sophistry to argue otherwise.

As to the Criminal Code of Canada, Section 323, par. 37, provides:

" 'Steal' means to commit theft."

The present holding is that within the restricted inquiry permitted in a habeas corpus proceeding to test the validity of extradition as to these relators, they have been charged with the intent necessary to require them to stand trial upon the indictment in question.

■ E. The argument is specious that the second charge in the indictment is deficient in failing to contain a concise statement of the acts constituting the alleged crime of defrauding the named corporation of its property, by "deceit, falsehood or other fraudulent means." No necessity is seen nor sought to be expounded for holding that the Government should have been required to plead the evidence upon which it relies.

Incidentally the relators have had the benefit of the depositions which were before the Commissioner, and if they are entitled to what we should call further particulars, it is to be expected that the trial court will deal with their requests according to accepted use and practice.

Reference may be had to Subd. 2 of Section 269 of the Criminal Code of Canada to the effect that "A taking or conversion of anything may be fraudulent notwithstanding that it was effected without secrecy or attempt at concealment." (Finley's deposition, p. 16, therefore does not aid the relators.)

Section 274 provides for conviction of theft notwithstanding that the subject-matter was stolen "(c) by the directors, officers or members of a company, body corporate, * * * from the company * * * as the case may be."

If the Commissioner thought that the documentary evidence presented to him, spelled out the probable commission of an offence by the relators, falling within the foregoing provisions, it must be said that this court agrees with him.

■ F. The remaining contention that the indictment is not sufficiently explicit as to the sum involved in each count, namely $960,000 "more or less," is not worthy of serious consideration. If the expression is not adequate to indicate the approximate sum involved in the respective charges, nothing that this court can say will render them more so.

In sum, the relators have been fairly apprised of the charges laid against them, the offences charged are extraditable, and there was reasonable cause presented to the Commissioner to hold them for extradition. Therefore the Writ of Habeas Corpus is hereby dismissed.

Settle order.