**J. Samuel WACKER, Plaintiff,**

v.

**J. G. BEESON, Consul General, Dominion of Canada, Defendant.**

**Civ. A. No. 14333.**

United States District Court
E. D. Louisiana,
New Orleans Division.

July 13, 1966.

Dean A. Andrews, Jr., New Orleans, La., for plaintiff.

M. Hepburn Many, New Orleans, La., for defendant.

**AINSWORTH, District Judge:**

For more than three years the Dominion of Canada has sought the extradition of J. Samuel Wacker in this court for an alleged swindle by false pretenses and mail fraud in that country of more than $450,000. On April 3, 1963, the Canadian Vice Consul in New Orleans filed a complaint before the United States Commissioner for this District, as authorized by 18 U.S.C. § 3184, seeking Wacker's extradition for violations of the criminal laws of Canada. Wacker was taken into custody, sought a writ of habeas corpus on the ground that the Vice Consul was without authority to execute the complaint and, after a two-day hearing, though denied the writ, was granted bail. On April 25, 1963, Wacker appealed from the denial of habeas corpus but the appeal was later dismissed by the Fifth Circuit for lack of prosecution.

On January 13, 1964, the United States Commissioner held a four-day hearing on the validity of the detention and sufficiency of the evidence to justify Wacker's extradition. The Canadian Government intervened in the hearing and the Commissioner found against Wacker on January 20, 1964, and certified to the Secretary of State that the evidence was sufficient to sustain the charges under the provisions of the Extradition Convention between the United States of America and the Dominion of Canada supplementary to a treaty concluded between the countries. Wacker was committed to the custody of the United States Marshal. Thereafter, on the same day, Wacker sought a second writ of habeas corpus in this court against the Dominion of Canada (though he was actually in custody of the United States Marshal), and on February 26, 1964, after a full hearing, the application for writ of habeas corpus was denied; from this ruling Wacker did not appeal.

The present declaratory judgment suit by Wacker was filed on March 9, 1964 against the Consul General of the Dominion of Canada at New Orleans. This was Wacker's third attempt to avoid being extradited to Canada. We dismissed his suit for lack of jurisdiction, referring to the fact that Wacker had already received two habeas corpus hearings before Judge Christenberry of this court and a full-dress hearing before the United States Commissioner; that we believed Canada's Consul General was immune to this action as well as the Dominion of Canada itself; and that Wacker having been accorded careful scrutiny of all the proceedings brought in this jurisdiction in the two habeas corpus cases should not be permitted further to frustrate the action of this court. The Fifth Circuit reversed (348 F.2d 602) and held that we had jurisdiction to review collaterally the legality of the extradition proceeding under the Federal Declaratory Judgment Act (28 U.S.C. § 2201 et seq.). However, the Fifth Circuit in its opinion said that since Wacker had already had the benefit of two habeas corpus hearings we need not hold an evidentiary hearing in this declaratory judgment action if we should conclude that Wacker had had a full and fair hearing in the two proceedings on those issues in this case which are serious. Despite the Fifth Circuit's suggestion, however, we tendered an evidentiary hearing to the parties who, by stipulation in the pre-trial order, agreed

that no additional evidence should be produced, but that the case would be decided on the entire previous record of all prior proceedings in this case including the two hearings before the United States Commissioner and the two habeas corpus hearings before this court.

In the *Fifth Circuit* opinion in this case the scope of review of an extradition hearing was held to be the same whether the extraditee chooses habeas corpus or declaratory judgment (348 F.2d at 606) and the court said that "Under existing law, such review includes only (1) whether the magistrate had jurisdiction, (2) whether the evidence showed a reasonable ground to believe the accused guilty, and (3) whether the offense was a treaty offense." (348 F.2d at 606.)

Accordingly, the parties stipulated (paragraph 4 of the pre-trial order) that the trial of the present action should be limited to the following issues:

"(a) Whether the evidence showed a reasonable ground to believe the accused guilty.

(b) Whether the offense charged was a treaty offense.

(c) Collaterally, whether Wacker had a full and fair hearing in the previous proceedings on those issues in this case which are serious."

The parties further stipulated (paragraph 3 of the pre-trial order) that the United States Commissioner for this District "had jurisdiction to hear the proceedings before him in this cause."

We consider, therefore, the issues raised by the parties as follows:

■ (a) *Whether the evidence showed a reasonable ground to believe the accused guilty.* The evidence is uncontradicted in this regard and voluminous. It shows beyond doubt through depositions of many persons that probable cause exists to believe that the criminal laws of Canada have been violated. The agent of the FBI who apprehended Wacker testified that he was living in New Orleans under the assumed name "J. S. Wilson." Corporal Randolf Roland Schramm of the Royal Canadian Mounted Police testified in person about the evidence in Canada against Wacker and produced this evidence in documentary form by sworn depositions of numerous affiants (see depositions of James Alton Boyd and others referred to in Commissioner's transcript, p. 51, also transcript, pp. 59–395, who detailed their charges of having been defrauded by Wacker through use of the mails), as well as the deposition of Lloyd Hamilton Goodwin, Queen's Counsel and Crown Attorney for the City of St. Catharines and County of Lincoln, Canada, the prosecuting official in this case in the county where the offense is alleged to have occurred. The evidence is abundant that the documents offered would be sufficient if received for similar extradition purposes by the tribunals of Canada. (See Mr. Goodwin's oral testimony given before the United States Commissioner, Commissioner's transcript, pp. 450–452.) (See also 18 U.S.C. § 3190 dealing with evidence which is admissible in an extradition hearing.) Compliance with the requirements of the statute has been made. The evidence demonstrates that a reasonable ground to believe accused guilty has been established by the oral testimony and by the sworn depositions of numerous Canadian witnesses.

(b) *Whether the offense charged was a treaty offense.* The evidence heretofore received in these hearings shows that Wacker is charged with violations of the Criminal Code of Canada (Chapter 51 of the Statutes of Canada for 1953–1954). Section 323 of the Code denounces the crime of defrauding a person by false pretense. Section 324 of the Code refers to the crime of using the mail to defraud. These offenses are likewise punishable under the criminal laws of the State of Louisiana and of the United States. (See La.R.S. of 1950, § 14:67 relating to theft and 18 U.S.C. § 1341 pertaining to mail fraud.)

The convention between the United States and Canada sets forth as crimes for which extradition is permitted obtaining of property or money by false

pretenses and making use of the mails in connection with fraudulent schemes. See United States Treaties and Other International Agreements, Vol. 3, p. 2826, §§ 11–A and 11–B.

■■ In a somewhat vague manner unsupported by authority of any kind, Wacker in his brief to the court states that the President of the United States and the Senate lack capacity to ratify a convention and amend a treaty between the two countries. This apparently refers to the fact that the Extradition Convention between the two countries has been amended from time to time, though there appears to be no question that these amendments were made pursuant to the action of the President and ratification by the United States Senate as provided by United States Constitution, Art. 2, § 2. Suffice it to say that there is no question that the treaty has been in force and effect for many years without question and may not be collaterally attacked here under the vague allegations found in Wacker's brief which are totally unsupported by authority of any kind. There is no doubt that Wacker is charged with offenses specifically referred to in the extradition treaty.

■ (c) *Collaterally, whether Wacker had a full and fair hearing in the previous proceedings on those issues in this case which are serious.* We believe Wacker had more than a full and fair hearing. He had two hearings before the United States Commissioner, the last of which required four full days, and two hearings before Judge Christenberry of this court in which voluminous testimony was adduced and all of the serious contentions raised in this declaratory judgment action were fully considered by Judge Christenberry and denied. We have again reviewed all of the documents and records before us and find that the extraditee has received every possible consideration. Under the circumstances, we are absolutely convinced that the relief sought by Wacker in this suit should be denied. Accordingly, there will be judgment dismissing plaintiff's suit at his cost.