J. Samuel **WACKER**, Appellant,

v.

J. G. **BISSON**, Consul General, Dominion of Canada, Appellee.

No. 24118.

United States Court of Appeals
Fifth Circuit.

Jan. 4, 1967.

Dean A. Andrews, Jr., New Orleans, La., for appellant.

M. Hepburn Many, New Orleans, La., for appellee.

Before GEWIN and GOLDBERG, Circuit Judges, and SPEARS, District Judge.

PER CURIAM.

The plaintiff, awaiting extradition to Canada, appeals from the judgment below which holds that he is not entitled to a declaratory judgment that the extradition order is void.[1] The trial court concluded that the offenses charged (mail fraud and obtaining money by false pretenses) were covered by the extradition treaty between the United States and Canada;[2] that the evidence taken before the United States Commissioner was sufficient under 18 U.S.C.A. § 3190 to show reasonable ground to believe the accused guilty; and that Wacker had had a full and fair hearing on these questions before the United States Commissioner. Wacker v. Beeson [sic], E.D. La.1966, 256 F.Supp. 542.

The plaintiff's contention on appeal, while somewhat difficult to ascertain, seems to be that 18 U.S.C.A. § 3190[3] violates due process because it permits American citizens to be held for extradition on deposition evidence which would not be admissible at a preliminary hearing on a domestic crime. This argument has been specifically rejected by the Supreme Court.

"It is one of the objects of [the predecessor of § 3190] to obviate the necessity of confronting the accused with the witnesses against him; and a construction of this section, or of the treaty, that would require the demanding government to send its citizens to another country to institute legal proceedings, would defeat the whole object of the treaty." Bingham v. Bradley, 1916, 241 U.S. 511, 517, 36 S.Ct. 634, 637, 60 L.Ed. 1136, 1140.

" * * * [W]hile, of course, a man is not to be sent from the country merely upon demand or surmise, yet if there is presented, even in somewhat untechnical form according to our ideas, such reasonable ground to suppose him guilty as to make it proper that he should be tried, good faith to the demanding government requires his surrender. * * * We are bound by the existence of an extradition treaty to assume that the trial will be fair." Mr. Justice Holmes for the Court in Glucksman v. Henkel, 1911, 221 U.S. 508, 512, 31 S.Ct. 704, 705, 55 L.Ed. 830, 833.

And see Collins v. Loisel, 1922, 259 U.S. 309, 42 S.Ct. 469, 66 L.Ed. 956; Fernandez v. Phillips, 1925, 268 U.S. 311, 45 S.Ct. 541, 69 L.Ed. 970; Jimenez v. Aristeguieta, 5 Cir. 1962, 311 F.2d 547.

1. We held on a previous appeal in this case that the declaratory judgment action, 28 U.S.C.A. § 2201 et seq., is a proper means of attack of such an order, Wacker v. Bisson, 5 Cir. 1965, 348 F.2d 602.

2. See United States Treaties and Other International Agreements, Vol. 3, p. 2826, §§ 11-A, 11-B. Criminal Code of Canada §§ 323, 324 (Chapter 51 of the Statutes of Canada for 1953–1954) set out the offenses of fraud by false pretense and mail fraud. These offenses are punishable under the laws of the place where Wacker was arrested. La.R.S.1950, § 14:67 covers fraud by false pretenses, and 18 U.S.C.A. § 1341 covers mail fraud.

3. "Depositions, warrants, or other papers or copies thereof offered in evidence upon the hearing of any extradition case shall be received and admitted as evidence on such hearing for all the purposes of such hearing if they shall be properly and legally authenticated so as to entitle them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped, and the certificate of the principal diplomatic or consular officer of the United States resident in such foreign country shall be proof that the same, so offered, are authenticated in the manner required. June 25, 1948, c. 645, 62 Stat. 824."

554

Argento v. Horn, 6 Cir. 1957, 241 F.2d 258, cert. denied, 1957, 355 U.S. 818, 78 S.Ct. 23, 2 L.Ed.2d 35, reh. denied, 1957, 355 U.S. 885, 78 S.Ct. 145, 2 L.Ed.2d 115; Collier v. Vaccaro, 4 Cir. 1931, 51 F.2d 17; United States ex rel. Klein v. Mulligan, 2 Cir. 1931, 50 F.2d 687, cert. denied, 1931, 284 U.S. 665, 52 S.Ct. 41, 76 L.Ed. 563.

Plaintiff has not briefed or argued any factual or any other legal matters, and we find no reason to disturb the trial court's findings.

Affirmed.