**In re Extradition of Joseph Francis EDMONDSON and Harvey De Wayne Fisher.**

**No. 4–72 CR. 255.**

United States District Court,
D. Minnesota,
Fourth Division.
Dec. 15, 1972.

---

Robert G. Renner, U. S. Atty., by J. Earl Cudd, Asst. U. S. Atty., Murray R. Stein, Department of Justice, Washington, D. C., for the government.

Lapp, Lazar, Laurie & Smith, by Benjamin J. Smith, Minneapolis, Minn., for respondent Edmondson.

Thomson, Wylde & Nordby, by Joseph S. Friedberg and John R. Wylde, Jr., St. Paul, Minn., for respondent Fisher.

NEVILLE, District Judge.

This case is before the court on the complaint of an Assistant United States Attorney requesting that respondents Edmondson and Fisher be arrested, determined to be subject to extradition and surrendered to Canadian authorities. The documents certified by the Consul General of the United States in Ottawa, Canada support the allegations of the complaint that both respondents were tried, convicted and sentenced in the Canadian courts to imprisonment for ten years at hard labor at Stoney Mountain Penitentiary in the Province of Manitoba, from which prison they escaped and entered the United States. The conviction stemmed from the unlawful importation of Cannabis sativa (marijuana) in violation of the Canadian Narcotics Control Act, R.S.C.1970, c. N–1. This court held a hearing, with briefs later submitted, directed to the issue of respondents' susceptibility to extradition. An earlier order denying bail in view of respondents' fugitive status was filed October 2, 1972. Respondents are currently in custody awaiting the determination of this court whether it should certify to the Secretary of State that they should be surrendered for extradition or be freed.

■■ The court finds the certified copies of convictions in Canada to be sufficient proof that probable cause exists that respondents there have been guilty of an offense involving "criminality" and finds these documents to satisfy the requirement that the court hear the "evidence of criminality" as set forth in 18 U.S.C. § 3184. Respondents are not fugitives from an indictment or complaint or mere charge, but were accorded a trial in Canada, were found guilty and sentenced. Nor is there any question raised as to their identity. The Consul General of the United States at Ottawa, Canada, has duly certified the fact of respondents convictions on the basis of an affidavit from the Clerk of the Canadian court that they "did unlawfully import into Canada a narcotic, to wit: Cannabis sativa", and in addition has certified photographs of the two respondents which this court personally compared with the individuals as they appeared in court at the extradition hearing. No doubt exists as to their identity, and in fact neither counsel so claimed nor argued. The Consul General has certified that the documents received in evidence at the extradition hearing are properly and legally authenticated so as to entitle them to be admissible for similar purposes by the tribunals of Canada, and therefore they are properly admissible before this court. *See* 18 U.S.C. § 3190; Bingham v. Bradley, 241 U.S. 511, 36 S.Ct. 634, 60 L.Ed. 1136 (1916); Grin v. Shine, 187 U.S. 181, 23 S.Ct. 98, 47 L.Ed. 130 (1902); 21 S.Ct. 406, 45 L.Ed. 577 Ric v. Ames, 180 U.S. 371, 21 S.Ct. 406, 45 L.Ed. 577 (1901). Further, it should be noted the charge here is not the crime of escape, but the prayer in the complaint is that respondents be returned to finish and execute their sentences. Also it is obvious that this court does not act in the nature of an appellate court to review or modify the Canadian trial and other proceedings or the sentence there imposed even though possibly more severe than might be pronounced in the United States, for this court clearly has no jurisdiction so to do.

■ Further respondents take the position that an extradition complaint brought to gain custody reciting offenses involving "traffic in narcotics" is at significant variance from the crime of importation of Cannabis sativa (marijuana) which gave rise to their conviction. The government's pleading refers to trafficking in narcotics while the documentary proof refers to importation. The government correctly contends that

the precision required in a strictly criminal proceeding is not required in extradition matters and that minor variances in technical definition of the crime are not fatal. Factor v. Laubenheimer, 290 U.S. 276, 54 S.Ct. 191, 78 L.Ed. 315 (1933); Glucksman v. Henkel, 221 U.S. 508, 31 S.Ct. 704, 55 L.Ed. 830 (1911); United States v. Stockinger, 2 Cir., 269 F.2d 681, cert. denied 361 U.S. 913, 80 S.Ct. 257, 4 L.Ed.2d 183 (1959). Respondents' position is the more difficult to maintain in light of the long standing rule that extradition treaties are to be liberally construed. Valentine v. United States ex rel. Neidecker, 299 U.S. 5, 57 S.Ct. 100, 81 L.Ed. 5 (1936); Factor v. Laubenheimer, *supra*; Rice v. Ames, *supra*. In addition it has been specifically held that extradition attempts will not fail merely because of differences between proof and pleading. *See* Collins v. Loisel, 259 U.S. 309, 42 S.Ct. 469, 66 L.Ed. 956 (1922); Bingham v. Bradley, *supra*; Glucksman v. Henkel, *supra*; Grin v. Shine, *supra*. It is the court's determination that such rule is sound and applicable here where both proof and pleading involve conduct which is criminal and substantially similar. A cursory inspection of the Canadian statute reveals that the only apparent distinction between the offenses of importation and that of trafficking is the nature of the purpose of possession for transportation—whether for distribution or for crossing international boundaries. The maximum penalty is the same for each crime. As a result, this court holds that the variance between pleading and proof is not fatal to extradition. Further, for the reasons discussed above, it is equally clear that the convention language "laws for the suppression of the traffic" is broad enough to encompass "importation". Any attempt to suppress the distribution and sale of drugs (trafficking) must surely in one form or another focus in part upon preventing the prohibited goods from reaching the country.

■ Respondents' contention that those persons who have been convicted and sentenced, as distinguished from being merely indicted or charged, are not subject to extradition proceedings is totally *without merit*. Article VII of the Canadian Extradition Convention of 1889 (26 Stat. 1508) provides that:

"[i]n [the] case of a fugitive criminal alleged to have been convicted of the crime of which his surrender is asked, a copy of the record of the conviction and of the sentence of the court before which such conviction took place, duly authenticated, shall be produced, together with the evidence proving that the prisoner is the person to whom such sentence refers."

It cannot well be argued that no extradition is allowed in a circumstance for which the treaty or convention provides explicit procedures. The claim that the sentence was fully executed as soon as respondents entered prison lacks substance. In support of the only logical construction of that language there is a long history of this type of extradition proceeding between the United States and Canada. *See* IV G. Hackworth, Digest of International Law § 317 at 52 (1942).

Respondents' most urgent argument is premised on the theory that the term "narcotics" does not include marijuana and that therefore the offense of importation of marijuana is not an extraditable offense.

■ It is clear that no right of extradition exists in the absence of a binding treaty or convention. Factor v. Laubenheimer, 290 U.S. 276, 54 S.Ct. 191, 78 L.Ed. 315 (1933); Valentine v. United States ex rel. Neidecker, 299 U.S. 5, 57 S.Ct. 100, 81 L.Ed. 5 (1936); Greene v. United States, 5 Cir., 154 F. 401, cert. denied 207 U.S. 596, 28 S.Ct. 261, 52 L. Ed. 357 (1907). All parties to this action agree however that the controlling treaties in this case are Article X of the Webster-Ashburton Treaty of August 19, 1842 (8 Stat. 572), the Extradition Convention of July 12, 1889 (26 Stat. 1508) and, in particular, the Extradition Convention of January 8, 1925 (44 Stat.

2100). Enabling statutes in regard to extradition of course are also relevant. *See* 18 U.S.C. § 3181 et seq.

To be extraditable this court must find that the crime of which respondents were convicted in Canada is covered by and described in one or more of the various treaties and conventions. Article X of the original treaty of 1842 was amended in 1889 to list some ten crimes apparently not included originally, and amended again January 8, 1925 to include as extractable "crimes and offenses against the laws for the suppression of the traffic in narcotics."

■ Respondents' contention is that their conviction for importing into Canada Cannabis sativa is not engaging in trafficking in narcotics for the reason that marijuana (Cannabis sativa) is not a narcotic. Respondents' counsel contend that a narcotic is a drug that will produce narcosis, sedation, analgesia or loss of pain perception. The use of narcotics develops a tolerance and a user becomes addicted. Pharmacologically marijuana is not a narcotic because it does not produce physical dependence, i. e., addiction nor does a user develop a tolerance. Narcotics, so the claim goes, includes opium, cocaine, coca leaves, opiates, heroin or derivatives thereof, but not marijuana which is defined as all parts of the plant Cannabis sativa. Though no evidence was introduced at the hearing relating to the differences claimed, the court will assume such *arguendo*. There is no question but that marijuana is clearly included and defined in the Canadian statute as a narcotic. R.S.C. c. N–1 § 2(b); Schedule § 3(2). Respondents correctly note that the definitional section of the United States Code distinguishes between "narcotic drug" and "marihuana". 21 U.S.C. § 802(15), (16). However, both substances are included in Schedule I—those drugs which are deemed to require most stringent control. 21 U.S.C. § 812. Offenses and penalties for violation of statutes are imposed for both under Subchapter I—Control and Enforcement 21 U.S.C. §

841 et seq. Differences in penalties do arise under Subchapter II—Import and Export—where penalties involving narcotic offenses are more severe than those involving non-narcotics. 21 U.S.C. § 960. Nonetheless, importation of any Schedule I substance (including marijuana) is subject to criminal penalty. 21 U.S.C. § 952. In Minnesota there are distinctions in definition and penalties for offenses involving narcotics and marijuana. Minn.Stat. §§ 152.01, 152.-15, but possession of either is a criminal offense.

A cursory review of the statutes reveals that in both jurisdictions concerned, the possession and distribution of either marijuana or narcotics in the United States or any narcotic in Canada all involve criminal penalties. Regardless of distinctions in degree, the same conduct in both countries is subject to criminal penalty. Much has been learned since 1925 concerning marijuana but it is not an unwarranted conclusion to hold it to be encompassed in the broad sense in the language of the 1925 convention.

■ Respondents are correct in their statement of the law that no country will surrender its nationals for any crime that is not included in an extradition treaty nor for any cause not criminal by its own laws. Factor v. Laubenheimer, *supra*. But *Factor* also indicates that extradition proceedings will not fail due to minor discrepancies in name or punishment provided where the conduct is criminal in both jurisdictions. *See* Collins v. Loisel, 259 U.S. 309, 312, 42 S.Ct. 469, 470, 66 L.Ed. 956 (1922), where the Court stated:

" . . . The law does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of the liability shall be coextensive, or, in other respects, the same in the two countries. It is enough if the particular act charged is criminal in both jurisdictions. . . . "

See also Valentine v. United States ex rel. Neidecker, 299 U.S. 5, 57 S.Ct. 100, 81 L.Ed. 5 (1936). Therefore, respondents must fail on this last point as well.

In view of the long standing rules set down by the United States Supreme Court that treaties should be liberally interpreted—see cases cited above—this court has no choice but to find that both respondents are subject to extradition. A warrant for their commitment to jail and surrender to Canadian authorities has been ordered by a separate order filed herein.