**Clarence Duke McGANN 20205-145, Petitioner,**

v.

**U. S. BOARD OF PAROLE & M. R. Hogan (Warden), Respondents.**

**No. 1481.**

United States District Court, M. D. Pennsylvania.

April 6, 1973.

Clarence Duke McGann, pro se.

S. John Cottone, Scranton, Pa., Harry A. Nagle, Lewisburg, Pa., for respondents.

## OPINION

MUIR, District Judge.

Petitioner, a prisoner at the Lewisburg Federal Penitentiary, filed a ha-

beas corpus petition alleging that his extradition from Jamaica and subsequent incarceration as a federal parole violator are illegal. This is not Petitioner's first attempt to gain his release from prison, but because it does not affirmatively appear that the other courts involved have passed upon the precise issues presented in this petition,[1] I felt it appropriate to consider petitioner's claims on the merits. Title 28 U.S.C. § 2255 requires a habeas corpus petition from a federal prisoner to be filed with the court which sentenced the applicant when the petition attacks the validity of the applicant's sentence. However, this habeas corpus petition does not attack the validity of Petitioner's sentence so as to be precluded by that statute from consideration by this Court.

The hearing on this petition was held March 8, 1973, and revealed the following facts: In 1954, Petitioner, upon a plea of guilty, was sentenced by the United States District Court for the District of Maryland to 20 years imprisonment for bank robbery.[2] In 1966, Petitioner was paroled from the Federal Correctional Institution at Danbury with 2950 days remaining to be served under supervision. The conditions of his parole included the provision that he was to remain within the limits of the Southern District of New York. On April 10, 1969, the U.S. Board of Parole issued a parole violator warrant for Petitioner charging that he had violated the conditions of his release by (1) his arrest on June 16, 1968, in New York City for criminally receiving stolen property in the second degree and unauthorized use of a motor vehicle[3] (2) his arrest in Westport, Connecticut for violation of the National Firearms Act (3) unauthorized possession of firearms (4) association with persons having a criminal record and engaged in criminal activity (5) leaving the Southern District of New York without permission, and (6) failing to report his arrest. A supplemental warrant application dated January 1, 1972, charged Petitioner with leaving the district without permission and proceeding to Jamaica.

Sometime in 1969, Petitioner fled the United States and went to Jamaica. Deportation proceedings were instituted against him, but upon a determination by the Jamaican court that Petitioner was a Jamaican citizen,[4] the proceedings were terminated. In the summer of 1969, the United States Department of Justice began preparations for the Petitioner's extradition to the United States pursuant to the extradition treaty in force between the United States and the United Kingdom which is applicable to Jamaica.[5] Because Petitioner's alleged violation of the National Firearms Act was not an extraditable offense under the treaty, extradition was sought for bank robbery which was the offense underlying Petitioner's status as a parolee. Bank robbery is an extradictable offense

---

1. In at least two of Petitioner's previous actions, 72 Civ. 807 and 72 Civ. 3201, both filed in the United States District Court for the Southern District of New York, the issue of the legality of the extradition was raised. However, a fair reading of the Endorsements handed down in those cases does not indicate that the questions involved in this action were passed upon. In addition, Petitioner has applied for a Writ of Certiorari to the U. S. Supreme Court regarding the denial of the U. S. Circuit Court, 2d Circuit, to consider his appeal in 72 Civ. 807. This Court does not have enough information before it to determine properly whether the issues raised in the present action duplicate those raised in the certiorari petition. However, Petitioner's brief filed in the 2nd Circuit affirmatively states that the legality of Petitioner's extradition was not in issue.

2. Petitioner was also sentenced for the crimes of bank robbery by the U. S. District Courts for the Eastern and Southern Districts of New York. The sentences were for 12 and 11 years respectively, to run concurrently with his Maryland sentence.

3. These charges against Petitioner were dismissed on November 20, 1972.

4. Having been born in the United States, Petitioner is also a United States citizen.

5. 47 Stat. 2122.

under the treaty. The formal extradition documents were forwarded to the government of Jamaica. The documents indicated that Petitioner had been convicted of bank robbery and sentenced to 20 years in prison, that he had been released on parole with 2950 days remaining to be served on his sentence, and that the United States Board of Parole had issued a warrant for Petitioner for alleged parole violation. Information in support of the allegation of parole violation was also provided. On June 29 and 30, 1971, a hearing was held in the Registrant Magistrate's Court in Kingston, Jamaica, and the Petitioner, who was represented by counsel at the hearing, was found extraditable to the United States. On September 20, 1971, the Supreme Court of Appeal of Jamaica dismissed his appeal, and on December 22, 1971, Petitioner was extradited to the United States. He was afforded a parole revocation hearing in the Southern District of New York on April 21, 1972, and on May 2, 1972 his parole was revoked upon findings by the Board of Parole that Petitioner violated the conditions of his parole by leaving the district without permission (Charges No. 5 and 7 on the Warrant Application and Supplemental Warrant Application).

Petitioner raises two issues in this application for a writ of habeas corpus. First, he contends that he was extradited for parol violation, and that parol violation is not an extraditable offense under the Extradition Treaty Between the United States of America and Great Britain, December 22, 1931, 47 Stat. 2122. The Government argues that Petitioner was not extradited for parole violation but upon a previous conviction for bank robbery, the sentence for which had not fully been served.[6] Whether or not Petitioner was extradited for an extraditable offense is an issue that presumably was decided by the Jamaican courts. In my view, the function of this Court is not to sit in review of a decision by the Jamaican courts where, as here, the extradition documents provided by the United States fully set forth the grounds upon which extradition was sought. The final decision as to the extraditable nature of the offense was a matter for the Jamaican authorities. See Johnson v. Browne, 205 U.S. 309, 316, 27 S.Ct. 539, 51 L.Ed. 816 (1907). This Court is bound by the existence of the extradition treaty to assume that the hearing afforded Petitioner in Jamaica was fair. Cf. Glucksman v. Henkel, 221 U.S. 508, 512, 31 S.Ct. 704, 55 L.Ed. 830 (1911). Furthermore, the decision of the Jamaican courts was a reasonable one. The Treaty contemplates that extradition will occur where the fugitive has been convicted of an extraditable crime, but has not yet been fully punished. Article 4 of the Treaty provides: "The extradition shall not take place if the person claimed has already been tried and discharged or punished. . . ." Article 5 provides that "extradition shall not take place if, subsequently to the commission of the crime . . . or the conviction thereon, exemption from prosecution or punishment has been acquired by lapse of time. . . ." Under the parole system of the United States, a parolee is not discharged from his sentence until the conditions of his parole have been fulfilled. See generally, Morrissey v. Brewer, 408 U.S. 471, 477–480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). A parallel situation to the case at bar is presented when a government seeks extradition of a convicted person who escapes from prison. Under these circumstances, the court in In re Extradition of Edmondsen and Fisher, 352 F.Supp. 22 (D.Minn.1972) held that although escape was not an extraditable offense under the treaty, extradition was proper where the underlying offense, the crime pursuant to which the escapee was serving time, was extraditable under the treaty. A similar conclusion was apparently reached by

---

6. Article 3, § 16 of the Treaty provides that extradition shall be granted for

"Burglary or housebreaking, robbery with violence, larceny or embezzlement."

the courts of Jamaica concerning the extradition of the Petitioner. This Court will not disturb that finding.

 The second issue raised by this petition for habeas corpus involves, not the extradition itself, but the subsequent revocation of Petitioner's parole and his re-commitment to prison. Article 7 of the Treaty provides in part:

> "A person surrendered can in no case be kept in custody or be brought to trial in the territories of the High Contracting Party to whom the surrender has been made for any other crime or offense, or on account of any other matters, than those for which the extradition shall have taken place, until he has been restored, or has had an opportunity of returning, to the territories of the High Contracting Party by whom he has been surrendered."

This Court has the power to determine whether this provision has been complied with. See Johnson v. Browne, 205 U.S. 309, 27 S.Ct. 539, 51 L.Ed. 816 (1907); United States v. Rauscher, 119 U.S. 407, 7 S.Ct. 234, 30 L.Ed. 425 (1886). In Ex parte Bryant, 167 U.S. 104, 108, 17 S.Ct. 744, 746, 42 L.Ed. 94 (1897), the Supreme Court stated: *"So long as the prisoner is tried upon the facts which appeared in evidence before the commissioner,* and upon the charges or one of the charges for which he is surrendered, it is immaterial whether the indictment against him shall contain counts for forgery, larceny or embezzlement (emphasis added)." Throughout his pleading in this action, Petitioner contended that the documents before the Jamaican courts indicated that the charge of parole violation was based upon his arrest on June 16, 1968 in New York for criminally receiving stolen property in the second degree and unauthorized use of a motor vehicle. However, his parole was subsequently revoked for twice leaving the district without permission and not because of the New York criminal charges which were subsequently dropped. Therefore, argues Petitioner, his imprisonment was on account of matters other than those presented to the Jamaican authorities in the extradition proceedings, and he should be given the opportunity to return to Jamaica. The facts presented at the hearing in this case do not support Petitioner's argument. Among the extradition documents furnished to the Jamaican courts by the United States was the April 10, 1969 Warrant Application issued by the U.S. Board of Parole. This document alleges that the Petitioner violated the conditions of his parole in several respects, one of which was leaving the Southern District of New York and going to Connecticut without permission. Therefore, Petitioner's parole was revoked for reasons apparent in the information before the Jamaican courts.

Petitioner's request for habeas corpus relief must be denied. An appropriate order will be entered.