Earnest Frank BROWN, Sr., Appellant,

v.

Charles H. WARD, United States Marshal
for District of Columbia, Appellee.

No. 15408.

United States Court of Appeals
District of Columbia Circuit.

Submitted Jan. 29, 1960.

Decided Feb. 25, 1960.

Mr. Joseph M. Bonuso, Washington,
D. C., submitted on the brief for appellant.

Mr. Walter J. Bonner, Asst. U. S.
Atty., at time of argument, with whom
Messrs. Oliver Gasch, U. S. Atty., and
Carl W. Belcher, Asst. U. S. Atty., were
on the brief, submitted on the brief for
appellee.

Before WILBUR K. MILLER, WASHING-
TON and BASTIAN, Circuit Judges.

PER CURIAM.

This is an extradition case. A judge
of the District Court, acting as executive
officer for the District of Columbia, held
a hearing on the requisition for appellant
made by the Governor of Maryland, and
determined that appellant should be de-
livered to the Maryland authorities for
trial. See D.C.Code, §§ 23–401(a)
(Supp. VII, 1959), 23–402 (1959). A
petition for habeas corpus was thereupon
presented to the same judge on appel-
lant's behalf, and was denied, after ap-
pellant had failed to offer any evidence in
addition to that presented by the Govern-
ment at the requisition hearing.

Appellant argues that he
should have been discharged at the close
of the hearing on the requisition. This
position is untenable. The uncontra-
dicted testimony showed that appellant
was in Baltimore, Maryland, on July 15,
1956. The Maryland indictment charged
(1) that appellant unlawfully deserted

his wife and child at Baltimore on July 15, 1956, "contrary to the form of the Act of Assembly in such case made and provided"; (2) that on that day "and thence continually" he failed to support his wife, contrary to the Act; (3) that on that day "and thence continually" he failed to support the child, contrary to the Act. No evidence was offered by appellant to rebut the presumption of fugitivity, created by the recitals of the indictment, and that issue is closed. Maktos v. Matthews, 1952, 90 U.S.App.D.C. 183, 184, 194 F.2d 354, 355. There was thus ample basis for the requisition. See Bruzaud v. Matthews, 1953, 93 U.S. App.D.C. 47, 207 F.2d 25. The situation in Fowler v. Ross, 1952, 90 U.S.App. D.C. 305, 196 F.2d 25, relied on by appellant, was quite different. There the court concluded that the requisition papers themselves showed that the accused was not in the demanding state on the day the crime was allegedly committed. Nothing of that sort is to be found in this case.[1]

■ Appellant cannot complain that his petition for habeas corpus was denied on the basis of the evidence received at the requisition hearing. His counsel made no request at any stage that appellant be put on the stand, and no proffer at all of any evidence contradicting what was established at the requisition hearing: namely, that (1) a crime had been substantially charged in Maryland; (2) that appellant was the person charged; and (3) that appellant was in Maryland at the time the offenses allegedly occured.

We find no error affecting substantial rights.

Affirmed.

1. Appellant urges that he and his wife never lived together in Maryland, and that "therefore it was impossible for him to have deserted them within the said state." This is a question to be decided by the Maryland courts. As we said in Richards v. Matthews, 1953, 93 U.S.App.D.C. 70, 73, 207 F.2d 227, 230:

" * * * there are some things which courts cannot and will not do in a proceeding such as this one. We will not consider the guilt or innocence of the accused. We will not try any issues in the criminal case. We will not construe any * * * [Maryland] statutes. We will not inquire into the validity of the indictment."