**Johnette MONCRIEF, Petitioner,**

**v.**

**Sam A. ANDERSON, Respondent.**

**Misc. No. 2409.**

United States Court of Appeals
District of Columbia Circuit.

Nov. 10, 1964.

Before BAZELON, Chief Judge, and WRIGHT and MCGOWAN, Circuit Judges, in Chambers.

ORDER

PER CURIAM.

On consideration of petitioner's petition for leave to prosecute an appeal without prepayment of costs, it is

ORDERED by the court that the petition be granted, and petitioner is allowed to prosecute his appeal herein without prepayment of costs, and it is

FURTHER ORDERED by the court that the order of the District Court appealed from herein is vacated, and this case is remanded to the District Court for further proceedings consistent with the opinion of this court. A certified copy of this order shall issue forthwith to the District Court.

PER CURIAM.

On June 26, 1964, petitioner was arrested in the District of Columbia pursuant to an unlawful flight warrant issued at the request of the State of Mississippi. The flight charge was dismissed on July 2, and petitioner was immediately rearrested as a fugitive from justice. After two continuances, granted in order to allow petitioner's court-appointed attorney an opportunity to obtain witnesses, an extradition hearing was held on August 13 before the Acting Chief Judge of the District Court. At the hearing, petitioner produced witnesses to support his contention that he was in Washington, D. C., on March 14, 1963, the date on which the Mississippi indictment alleged he had committed burglary and larceny in that State. At the conclusion of the hearing, the Judge, sitting in an executive, as distinct from a judicial, capacity, ordered petitioner surrendered to the Mississippi officials.

Prior to the extradition hearing, Moncrief had filed a petition for a writ of habeas corpus, alleging in part that he had not left the District of Columbia since the beginning of March, 1963, and thus could not have been in Mississippi on

Mr. Johnette Mancrief, pro se.

Mr. David C. Acheson, U. S. Atty., and Mr. Frank Q. Nebeker, Asst. U. S. Atty., for respondent.

the date of the alleged offense. After the Government had responded, the District Judge dismissed the petition without a hearing. The instant petition seeks leave to appeal that dismissal without prepayment of costs. Its conclusion is identical to that contained in the habeas corpus petition—that petitioner was not in Mississippi on March 14, 1963—but its allegations relate specifically to evidence adduced at the subsequent extradition hearing. Consequently, the District Judge who ruled on the habeas corpus petition had no opportunity to consider the specific evidentiary allegations, concerning the executive hearing held three days after his ruling, which now confront this Court. In light of these newly presented allegations, which raise a question in regard to an element requisite to lawful extradition, we grant the petition for leave to appeal, vacate the order of dismissal, and remand for reconsideration in light of the evidence presented at the extradition hearing. In so doing, we imply no disapproval of the District Court's dismissal of the habeas corpus petition, which when filed and considered, was quite clearly premature.

■ Interstate extradition, under the Constitution and implementing statutes,[1] is conditioned upon two requirements. The person demanded must be "substantially charged with a crime" and he must be a "fugitive." Hyatt v. People of State of New York ex rel. Corkran, 188 U.S. 691, 23 S.Ct. 456, 47 L.Ed. 657 (1903). We are here concerned only with the latter requirement. Fugitivity means presence in the demanding state when the crime was allegedly committed.[2] Fowler v. Ross, 90 U.S.App.D.C. 305, 310–11, 196 F.2d 25, 30 (1952).

The fugitivity question is one of fact, to be determined in the first instance by the Governor of the asylum state, or, here, by the Chief Judge of the District Court sitting in an executive capacity.[3] Hyatt v. People of State of New York ex rel. Corkran, supra, 188 U.S. at 709–711, 23 S.Ct. at 458–459. That factual decision is reviewable by way of habeas corpus, Bruzaud v. Matthews, 93 U.S.App.D.C. 47, 207 F.2d 25 (1953), but should not be disturbed if there is "evidence pro and con" on the question, or if there is "some evidence sustaining the finding." Hyatt v. People of State of New York ex rel. Corkran, supra at 709–711, 23 S.Ct. at 458–459.[4]

■ The presence of the demanding state's indictment alone, however, is not necessarily conclusive evidence of fugitivity. It raises a presumption of fugitivity which will not be disturbed except on clear and convincing proof to the contrary. Lee Won Sing v. Cottone, 74 App.D.C. 374, 123 F.2d 169 (1941). But the presumption may be overcome. See Richards v. Matthews, 93 U.S.App.D.C. 70, 207 F.2d 227 (1953).

Thus, in the present case, an apparently valid Mississippi indictment has raised a prima facie showing of Moncrief's presence in that State on the date alleged in the indictment. But the District Judge considering the habeas corpus petition had no way of ascertaining whether there might be presented, at the extradition hearing to be held subsequently, clear and convincing evidence to destroy the presumption. He should now reconsider the petition in light of the evidentiary developments at that hearing.

Reversed and remanded.

---

1. U.S.Const., Art. IV, Sec. 2; 18 U.S.C. § 3182. See D.C.Code § 23–401.

2. The District of Columbia Code provides a limited exception to this rule in regard to certain crimes that can be committed from a distance, as for example, conspiracy. D.C.Code § 23–401(b).

3. The first element, a valid charge of the commission of a crime, is one of law, and can be determined from the extradition papers.

4. The rationale for sustaining the executive finding if at all supportable appears to be that non-fugitivity is essentially an alibi defense, and "habeas corpus [is] not the proper proceeding to try the question of the guilt or innocence of the accused." 188 U.S. at 710, 23 S.Ct. at 458.