**Alphonso W. KYLES, Petitioner,**

v.

**Paul H. PRESTON and Luke C. Moore, Respondents.**

**No. 135–66.**

United States District Court
District of Columbia.

April 1, 1966.

Andrew Carroll, Washington, D. C., for petitioner.

David G. Bress, U. S. Atty., and William M. Cohen, Asst. U. S. Atty., Washington, D. C., for respondents.

GASCH, District Judge.

This cause originally came on for hearing on the petition of Alphonso W. Kyles for a writ of habeas corpus on March 28, 1966, a rule to show cause having been issued. At that time, the Court was advised that petitioner's extradition hearing was set for March 30, 1966, before Chief Judge McGuire, acting pursuant to D.C. Code § 23–401 in a governmental capacity comparable to that of the governor of the receiving state. It appeared to the Court that it would be premature to consider the petition at that time because of the ruling of the Court of Appeals in Moncrief v. Anderson, 119 U.S.App.D.C. 323, 342 F.2d 902 (1964).

▇ Thereafter, Chief Judge McGuire having signed the extradition papers, the matter again came before this Court on Kyles' petition. The issue before the Court under these circumstances is narrow. It is simply (1) whether the identity of the remanded person is established; (2) whether he is substantially charged with a crime in the demanding state; and (3) whether he is a fugitive from justice, that is to say, was he present in the demanding state when the crime was allegedly committed. See *Moncrief, supra.* The petitioner sets forth in substance that he was charged with a misdemeanor in the State of Maryland, i. e., making abusive telephone calls, that he was brought to trial before a judge of the Peoples Court and acquitted. Thereafter, pursuant to the Maryland practice on appeal by the state, he was tried and convicted by the Circuit Court and sentenced to a term of imprisonment. While a prisoner at a state institution, he absented himself without permission and came to the District of Columbia where he surrendered himself to the local authorities. Subsequently, he was indicted for the offense of breaking jail. It was on this latter offense that the State of Maryland sought extradition.

▇ Counsel for petitioner has sought to raise interesting and important questions of constitutional law stemming from the Maryland practice which permits the state to appeal an acquittal in the Peoples Court. Thus, he argues that the double jeopardy provisions of the Bill of Rights are applicable to the states. The Court expresses no opinion as to this contention, believing that under the circumstances of this case that argument should more properly be addressed to the courts in Maryland.

The simple and narrow issue before this Court has previously been set forth. There is no dispute, as counsel conceded, as to the facts. It is not denied that petitioner broke jail and came to the District of Columbia in order to raise these issues in the courts of the District of Columbia.

In Johnson v. Matthews, 86 U.S.App. D.C. 376, 182 F.2d 677, 679, cert. denied 340 U.S. 828, 71 S.Ct. 65, 95 L.Ed. 608 (1950), the Court of Appeals was confronted with a comparable issue. Petitioner had been arrested and jailed in the State of Georgia on a charge of robbery. After indictment, he escaped and came to the District of Columbia. He was ordered extradited to Georgia. He filed a petition for a writ of habeas corpus contending violations of his constitutional rights by the State of Georgia. The Court of Appeals held that the scope of extradition proceedings and the habeas corpus review therefrom do not encompass the question of the constitutionality of the proceedings in the demanding state. The Court held:

"Of course, appellant has a right to test in a federal court the constitutional validity of his treatment by Georgia authorities. But that test cannot come as a part of the constitutional process of returning a fugitive to the state where he is charged. If this fugitive's constitutional rights are being violated in Georgia, he can and should protect them in Georgia. Not only state courts but a complete system of federal courts are there.[1]

---

1. 86 U.S.App.D.C. at 379, 182 F.2d at 680.

The Court is gravely concerned about condoning the type of practice to which petitioner has resorted. If the Court put its stamp of approval upon jail breaks for the purpose of enabling a prisoner to flee the state of his incarceration for the purpose of testing the legality or the constitutionality of a legal proposition in another state, such action would be dangerous and subversive of law and order within the penal institution and otherwise. Conditions in such institutions are difficult at best. To add this element would promote insurrection and lead to bloodshed, serious injury, and even death. No conditions have been demonstrated, or even intimated, which would justify in the Court's opinion any resort to such a dangerous expedient.

In this context the Court is called upon to make a finding of probable cause under 28 U.S.C. § 2253. Since there is no showing that petitioner will not receive a full and fair hearing on the contentions he seeks to raise in the courts of Maryland, either state or federal, and since it does not appear that he has exhausted his remedies in that state, and since he does not allege that he has been subjected to any cruel or unusual treatment, it appears to the Court that there is no basis on which the Court could find probable cause and, accordingly, declines to do so.

Insofar as the procedures in this Court are concerned, the Court is of the opinion that petitioner should be remanded to the custody of the agent of the demanding state. However, upon being advised that petitioner has noted an appeal, the Court is of the opinion that Rule 29(a) of the Rules of the United States Court of Appeals for this circuit is applicable and, accordingly, stays the remand of the petitioner to the agent of the demanding state pending review of the decision refusing a writ of habeas corpus. Bond in the amount of $5,000 is continued pending disposition of the appeal.