**UNITED STATES ex rel. Anthony VITIELLO, Petitioner,**

v.

**Walter J. FLOOD, Warden of the Nassau County Jail, Respondent.**

**No. 376, Docket 31116.**

United States Court of Appeals
Second Circuit.

Argued Feb. 10, 1967.

Decided March 15, 1967.

James Flynn, Huntington, N. Y. (McSherry & Flynn, Huntington, N. Y., on the brief), for petitioner-appellant.

Donald Paul DeRiggi, Asst. Dist. Atty., Nassau County, New York (William Cahn, Dist. Atty., Nassau County, New York, on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and SMITH and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge.

On July 30, 1965 the State of Florida filed an information in the criminal court for Dade County charging the petitioner Anthony Vitiello with one count of assault with intent to murder and two counts of robbery. It alleged that the petitioner had committed these offenses in that county on December 6, 1964. On May 24, 1966 the Governor of Florida issued a fugitive warrant. seeking from the Governor of the State of New York the rendition of the petitioner. On June 6, the Governor of New York issued his warrant for the petitioner's arrest and delivery into the custody of Andrew Borders, Deputy Sheriff of Miami, Florida. Vitiello was arrested and contested rendition by applying for a writ of habeas corpus. The case was heard by the Nassau County Court of the State of New York, which dismissed the writ. This decision was unanimously affirmed by the Appellate Division of the Supreme Court and leave to appeal to the Court of Appeals was denied.

The petitioner then sought a writ of habeas corpus in the United States District Court for the Eastern District of New York, which was offered no additional evidence, and took none, but relied upon the record of the hearing in the Nassau County Court. It considered and passed upon the questions of law raised by the petitioner. The writ was denied and the petition was dismissed. It is from this action by the court below that Vitiello appeals. We affirm.

■ "The scheme of interstate rendition, as set forth in both the Constitution[3] and the statutes which Con-

3. U.S.Const., Art. IV, § 2, cl. 2 * * *.

gress has enacted to implement the Constitution,[4] contemplates the prompt

4. 1 Stat. 302, as amended, 18 U.S.C. § 3281.

return of a fugitive from justice as soon as the state from which he fled demands him * * *"

Sweeney v. Woodall, 344 U.S. 86, 89–90, 73 S.Ct. 139, 140, 97 L.Ed. 114 (1952).

■ To require and justify the rendition of an accused by the asylum state to the demanding state it must be shown that he is (1) the individual named in the writ of extradiction, (2) charged, in accordance with the statute, § 3182, with a crime in the demanding state and that he is (3) a fugitive, which is to say that the accused was in the demanding state when the alleged crime was committed. Hyatt v. People of State of New York ex rel. Corkran, 188 U.S. 691, 709, 23 S.Ct. 456, 47 L.Ed. 657 (1903); United States ex rel. Tucker v. Donovan, 321 F.2d 114 (2 Cir. 1963) cert. denied sub nom. Tucker v. Kross, 375 U.S. 977, 84 S.Ct. 496, 11 L.Ed.2d 421 (1964); Johnson v. Matthews, 86 U.S.App.D.C. 376, 182 F.2d 677, 679 (D.C.Cir.) cert. denied 340 U.S. 828, 71 S.Ct. 65, 95 L.Ed. 608 (1950).

The pertinent issues before the Nassau County Court were, first, whether Anthony Vitiello, the petitioner, was the person named in the fugitive warrant and, second, whether Vitiello had been in Florida on the alleged date of the offenses, December 6, 1964. The Florida warrant was supported by a copy of the information charging Vitiello with certain felonies under the laws of the state, and by the affidavit of David Holman, Deputy Sheriff of Dade County. Photographs of the head and shoulders of Vitiello, both in front face and in profile, were attached to the affidavit, in which the deputy sheriff said that the victim of the assault and robbery had, in his presence identified Vitiello's photographs as pictures of her assailant, and that another woman in his presence had also identified him from the photographs.

■ The petitioner complains that the affidavit of Deputy Sheriff Holman, attached to the extradition warrant of the Governor of Florida, was insufficient to support the information and rendered the latter invalid because it was based largely upon hearsay information and that therefore the State of New York had no power to act upon it. But, in considering the sufficiency of the extradition warrant and the papers accompanying it to qualify under Title 18 U.S. C. § 3182, it is not for the asylum state on habeas corpus to pass upon the quality, persuasiveness or weight of the evidential matter on the basis of which the Governor of Florida issued the extradition warrant, for it is solely a question of law whether on the face of the papers accompanying the warrant there was sufficient to say that a crime was "substantially charged" against Vitiello under the laws of Florida and that he was alleged to be a fugitive. The warrant and attached papers in this case were unquestionably sufficient. Appleyard v. State of Massachusetts, 203 U.S. 222, 27 S.Ct. 122, 51 L.Ed. 161 (1906); In re Strauss, 197 U.S. 324, 25 S.Ct. 535, 49 L.Ed. 774 (1905); Munsey v. Clough, 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515 (1905).

■ The petitioner asserts that as to the factual issues of the identity of Vitiello, as the individual charged, and of his presence in the State of Florida at the time of the commission of the offense, on December 6, 1964, the affidavit was insufficient to support the arrest

warrant of the Governor of New York because it does not explicitly state those facts and because it is based in part on hearsay. A fair inference may be drawn, however, from the identification by the victim that Vitiello was present at the time the offenses were committed; and the use of hearsay in a matter of this kind does not disqualify the affidavit for evidential use. United States ex rel. Klein v. Mulligan, 50 F.2d 687 (2d Cir. 1931) cert. denied 284 U.S. 665, 52 S.Ct. 41, 76 L.Ed. 563 (1931); State v. Limberg, 274 Minn. 31, 142 N.W.2d 563 (1966). The issuance of the warrant of arrest by the Governor of New York raised a presumption that Vitiello was the person charged and that he was present in the State of Florida on December 6, 1964, the date of the offenses. The burden of proof rested upon the petitioner to overcome this presumption by clear and convincing evidence. Munsey v. Clough, supra; Moncrief v. Anderson, 119 U.S.App.D.C. 323, 342 F.2d 902, 904 (1964).

At the hearing in the Nassau County Court the People produced a witness who had been Vitiello's landlord in Dade County, Florida on December 6, 1964. He unequivocally testified that he twice saw the petitioner at the rented premises on December 6, 1964 and positively identified him. Vitiello testified that he was not in Florida on that day, and he produced a number of friends and relatives who testified that he was in the State of New York at that time.

To contradict the petitioner, the People, on rebuttal, presented the testimony of a police officer of Nassau County who had arrested and interrogated Vitiello on December 29, 1964 concerning the possession of narcotics. The officer said that Vitiello at that time stated orally and also in writing that he had been in Florida until a week before, when he came to New York. The testimony and the written statement were admitted, although Vitiello's counsel had objected on the grounds that Vitiello was then under the influence of drugs and had written only what the officer told him to write.

In the Appellate Division of the Supreme Court of New York and subsequently in the United States District Court, the petitioner made the claim that the oral and written admissions should be suppressed as a violation of Vitiello's Fifth Amendment rights on the authority of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We conclude, however, that *Miranda* does not apply to rendition proceedings or hearings on petition for habeas corpus which are incident thereto. Interstate rendition proceedings are summary in nature and the accused is not entitled to all of the procedural protections of a criminal trial. See State of South Carolina v. Bailey, 289 U.S. 412, 418, 53 S.Ct. 667, 77 L.Ed. 1292 (1933); Biddinger v. Commissioner of Police, 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193 (1917); Munsey v. Clough, supra, 196 U.S. at 372, 25 S.Ct. 282.

*Miranda* and similar cases forbid the use of unlawfully obtained confessions and admissions as evidence against an accused at a trial where there is at stake the vital issue of his guilt or innocence. If Vitiello is put to trial on the charges in the information, all of these safeguards will be available to him, and any evidential matter of this kind which has been unlawfully obtained will be suppressed or excluded. His constitutional rights to such limitations on the use of evidence on the issue of his guilt or innocence is not at issue in the rendition proceeding. What is in issue is the constitutional right of the State of Florida to have Vitiello promptly returned to that state on a showing of probable cause. Sweeney v. Woodall, supra.

What this court said in an international extradition case is equally applicable to this interstate proceeding:

"The authorities * * * also make clear that competent evidence to establish reasonable ground is not necessarily evidence sufficient to convict, nor only such as can pass technical rules governing the admissibility of evidence in criminal trials."

United States ex rel. Klein v. Mulligan, supra, 50 F.2d at 688.

Just as in the use of hearsay, the method and means of obtaining the inculpatory remark may have a bearing on the weight which the court may give it in proceedings of this kind, United States ex rel. Klein v. Mulligan, supra, at 688. Circumstances such as extreme duress or other highly improper inducements to compel a statement might render it worthy of no weight whatever—a matter which would be passed upon by the trial judge—but that is not the case here. The general course of interrogation concerned only a suspected narcotics offense; it was totally unrelated to the extradition action which was then almost a year and a half in the future. The statement though in the course of interrogation was spontaneously made by the petitioner and was presented by the People in the Nassau County Court in rebuttal as a past statement in contradiction of what the petitioner had testified to on his own direct examination.

There is no sound reason to import into civil proceedings of this kind principles analogous to those enunciated in Miranda v. State of Arizona, supra, for criminal proceedings. In Johnson v. Warden, Montgomery County Detention Center, 244 Md. 384, 223 A.2d 584 (1966), although a pre-*Miranda* case the court there said,

> "The rule of criminal cases that the State must preliminarily establish the voluntariness of a confession would not seem to be constitutionally requisite in a proceeding merely to determine the whereabouts of the accused at a given time. Ordinarily, the strictness of the trial rules of evidence is not applicable in extradition proceedings." 223 A.2d 584, 587.

If a basic federal constitutional right of an accused such as the Sixth Amendment right to be confronted by the witnesses against him need not be observed in rendition proceedings and the evidence may be in the form of affidavits, as it is in most of the cases, Appleyard v. State of Massachusetts, supra; Munsey v. Clough, supra; Roberts v. Reilly, 116 U.S. 80, 6 S.Ct. 291, 29 L.Ed. 544 (1885); and Ex parte Reggel, 114 U.S. 642, 5 S. Ct. 1148, 29 L.Ed. 250 (1885), and if the threat of cruel and unusual punishment in the demanding state cannot be raised in rendition proceedings, Sweeney v. Woodall, supra, and if the petitioner has no constitutional immunity from being required to testify, State of South Carolina v. Bailey, supra, 289 U.S. at 418, 53 S.Ct. 667, the principles of *Miranda* barring the use of improperly obtained confessions and admissions against an accused in a criminal trial must be held to be inapplicable to rendition proceedings.

In the present case even if the use of Vitiello's statement to the police in the narcotics investigation to contradict his own testimony in the state habeas corpus hearing were held for any reason to be inadmissible, there was sufficient other evidence amply to support the court's conclusion. United States ex rel. Nardone v. Kelly, 86 F.2d 120 (2 Cir. 1936).

There is no merit to the petitioner's contention that the burden of proof placed upon him was too heavy. It was settled long ago that the burden of proving that the accused was not present in the demanding state at the time the crime was committed rests upon him and that, to meet it, he must conclusively establish his absence by clear and convincing proof. State of South Carolina v. Bailey, supra, 289 U.S. at 421, 53 S.Ct. 667; People of State of Illinois ex rel. McNichols v. Pease, 207 U.S. 100, 112, 28 S.Ct. 58, 52 L.Ed. 121 (1907); Munsey v. Clough, supra. In the present case there was conflicting evidence, and so long as there was sufficient state's evidence to support the court's finding of probable cause its conclusions must stand and New York is obligated to surrender the petitioner to Florida for trial. Hyatt v. People of State of New York ex rel. Corkran, supra, 188 U.S. at 710–711, 23 S.Ct. 456, 47 L.Ed. 657; Moncrief v. Anderson, supra, 342 F.2d at 904.

We also reject the petitioner's claim that the extradition warrant was void because it was based upon an information and affidavit and not upon an indictment. Kennedy v. Walker, 337 U. S. 901, 69 S.Ct. 1046, 93 L.Ed. 1715 (1949); Hurtado v. People of State of California, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232 (1884).

The judgment of the District Court is affirmed and the petition is dismissed.