**Eugene Howard WOODS, Appellant,**

v.

**Alwynn J. CRONVICH, Sheriff, et al.,
Appellees.**

**No. 25243.**

United States Court of Appeals
Fifth Circuit.

May 30, 1968.

John F. Rau, Jr., Harvey, La., for appellant.

Waverly A. Henning, Asst. Dist. Atty., Gretna, La., Rudolph O. Vorbusch, Asst. Atty. Gen., New Orleans, La., James K. Gaudet, Gretna, La., Jack P. F. Gremillion, Atty. Gen. of Louisiana, William P. Schuler, Second Asst. Atty. Gen., for appellees.

**143**

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant sought by habeas corpus to be discharged from the custody of Louisiana authorities who arrested him pursuant to an extradition request by the Governor of Ohio. He contends the indictment charging him with a crime in Ohio is invalid because based on evidence seized in violation of the fourth amendment. The district court denied appellant's petition on the ground that habeas corpus in the asylum state is not the appropriate method of raising constitutional questions involved in an alleged offense. We agree.

The scheme of interstate rendition of prisoners established by the Constitution [1] and by implementing statutes [2] "contemplates the prompt return of a fugitive from justice as soon as the state from which he fled demands him." Sweeney v. Woodall, 344 U.S. 86, 90, 73 S.Ct. 139, 141, 97 L.Ed. 114, 118 (1953). It is fundamental to our federal system that neither the courts of the asylum state, nor federal courts sitting in that state, seek to determine the constitutionality of prosecution in the state from which a fugitive has fled. It is for the courts of the charging state in the first instance to adjudicate the merits of appellant's claim. Should the appellant be denied relief in the courts of Ohio, he is entitled to raise his constitutional question in the federal courts of Ohio.

The courts of the asylum state are limited to deciding whether (1) a crime has been charged in the demanding state; (2) the fugitive in custody is the person so charged; and (3) the fugitive was in the demanding state at the time the alleged crime was committed. United States ex rel. Tucker v. Donovan, 321 F.2d 114 (2d Cir. 1963) cert. denied sub nom. Tucker v. Kross, 375 U.S. 977, 84 S.Ct. 496, 11 L.Ed.2d 421 (1964); Brown v. Ward, 107 U.S.App.D.C. 220, 275 F.2d 884 (1960); Johnson v. Mat-

thews, 86 U.S.App.D.C. 376, 182 F.2d 677 (1950), cert. denied, 340 U.S. 828, 71 S.Ct. 65, 95 L.Ed. 608 (1950). Inquiry into the constitutionality of the Ohio indictment not only would usurp the power and responsibility of the courts of Ohio, but would frustrate the purpose of the extradition procedures as well. See Hale v. Crawford, 65 F.2d 739 (1st Cir.), cert denied, 290 U.S. 674, 54 S.Ct. 92, 78 L.Ed. 581 (1933).

Accordingly, the judgment of the district court denying appellant's petition for habeas corpus is

Affirmed.

1. U.S.Const. Art. 4, § 2.

2. 18 U.S.C.A, § 3182.