**Charles Denton WATSON, Petitioner-Appellant,**

v.

**Tom MONTGOMERY, Sheriff of Collin County, Texas, Respondent-Appellee.**

No. 30323.

United States Court of Appeals, Fifth Circuit.

Aug. 31, 1970.

Rehearing Denied and Rehearing En Banc Denied Sept. 8, 1970.

Bill Boyd, McKinney, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen., Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This is an appeal from the denial, after evidentiary hearing, by the District Court for the Eastern District of Texas of the petition of Charles Denton Watson for a writ of habeas corpus. We have ordered the appeal expedited, and it is considered on the record of the proceed-

ings below and on the comprehensive brief submitted by appellant.[1]

The appellant was indicted on December 8, 1969 in California state court together with other defendants, on charges of murder and conspiracy in what are known as the Tate-LaBianca cases. Trial of several other defendants is now in progress in California. On December 12, 1969 the Governor of California made formal demand upon the Governor of Texas for extradition of appellant to California to answer the charges made in the indictment. The history of the subsequent proceedings before the Governor of Texas, in the state courts of Texas, and in the federal District Court is described in the order of the District Court entered on July 1, 1970, which is an appendix to this opinion.

On July 17, 1970 the District Court authorized Watson to appeal *in forma pauperis* and on the same day he filed notice of appeal. By orders of the District Court and of this court the sheriff having custody of Watson has been directed to maintain that custody until a transcript of the proceedings could be completed and the appeal submitted to this court.

The same three contentions are made to this court that were considered and disposed of by the District Court. The decision of the District Court is correct, we agree with it, and we affirm on the basis of its order, with the following additional remarks.

As a part of his second contention, appellant says that there was no competent evidence offered tending to prove that he was in California at the time of the alleged offenses, because a photocopy of a latent fingerprint, allegedly taken from the front door of the Tate home and identified as his print, was erroneously admitted into evidence in the state proceedings over objection that the best evidence rule required the

latent print itself be produced. We need not decide whether the photocopy was erroneously admitted. There is no contention that the latent print was obtained in violation of any right of appellant or that the original, which was under lock and key in California, was suppressed or withheld for invidious reasons. An evidentiary ruling on the production of an original as opposed to a properly authenticated copy does not rise to constitutional dimension.

The stay order entered by the District Court and continued in effect by this court is vacated and the decision of the District Court is affirmed.

### APPENDIX

In the United States District Court for the Eastern District of Texas
Sherman Division

In the Matter of the Application of Charles Denton Watson for a Writ of Habeas Corpus

Civil Action No. 1897

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Charles Watson, is confined in the custody of respondent, Tom Montgomery, Sheriff of Collin County, Texas, by virtue of a Governor's Warrant ordering his extradition to the State of California. This warrant, issued on January 6, 1970, by the Governor of the State of Texas, ordered the arrest and rendition of Charles Watson to the California authorities.

The basis of the extradition is an indictment, filed on December 8, 1969, in the Superior Court of the State of California for the County of Los Angeles, charging petitioner with seven counts of murder and one count of conspiracy.

On December 12, 1969, the Honorable Ronald Reagan, Governor of California, made a formal demand to the Honorable Preston Smith, Governor of the State of

---

1. Though the appeal has been expedited, submission and decision of the case has been delayed briefly by the death of the court reporter who took the testimony in the District Court evidentiary hearing and a subsequent death in the family of one of appellant's attorneys.

Texas, for the return of petitioner to the State of California to answer the charges stated in the indictment. On January 5, 1970, petitioner was represented by counsel at an extradition hearing held before the Honorable Martin Dies, Jr., Secretary of State of the State of Texas. On January 6, 1970, Governor Smith issued the warrant for the arrest and rendition of petitioner to the California authorities.

Thereafter, petitioner sought habeas corpus relief in the 59th Judicial District Court of Collin County, Texas. The sole ground considered and ruled upon by that court was whether petitioner's extradition should be denied on the alleged ground that he could not receive a fair trial in the State of California because of the prejudicial pre-trial publicity. The state district court ruled against petitioner on this contention and held that this matter properly should be determined by a California court. Appeal was then taken by petitioner to the Court of Criminal Appeals of the State of Texas, which court affirmed the decision of the trial court and held that proper procedures in accordance with the Texas statutes had been enforced in the appellate process. The Court of Criminal Appeals thereafter issued its mandate ordering appellant remanded to custody for extradition.

Following the decision of the Court of Criminal Appeals, petitioner filed the instant application seeking habeas corpus relief from this court. Petitioner submitted the following contentions for the consideration of this court:

(1) That a federal court in an asylum state may entertain a petition for the writ of habeas corpus challenging detention by the asylum state on a warrant of extradition to the demanding state on the grounds that widespread publicity given the crimes charged against the accused would prevent his receiving a fair trial if extradited.

(2) That the burden of proving that he is not the man sought in the state of California or was not in the State of California at the time of the commission of the offense is unconstitutional.

(3) That the Court of Criminal Appeals, the court having the highest jurisdiction in criminal matters in the State of Texas, incorrectly decided that Article 44.34 of the Vernon's Ann.Texas Code of Criminal Procedure, rather than Article 40.09, was applicable to the appeal of a petition for the writ of habeas corpus.

With regard to petitioner's first contention, the case of Sweeney v. Woodall, 344 U.S. 86, 73 S.Ct. 139, 97 L.Ed. 114 (1952) is dispositive of the issue. Under the holding of that case, petitioner must seek redress for the allegedly prejudicial publicity in the courts of California, where a meaningful fact-finding process can occur. Since petitioner makes no showing that such relief is unavailable to him in the California courts, either state or federal, this court has no authority to consider this matter. "Considerations fundamental to our federal system require that the * * * [petitioner] test the * * * [hypothetical] unconstitutionality of his treatment by Alabama in the courts of that State." *Sweeney,* supra, 344 U.S. at 90, 73 S.Ct. at 141.

The fundamental assertion of petitioner is that he could not get a just hearing on the charges against him in the courts of California, either state or federal. In Johnson v. Matthews, 86 U.S.App. D.C. 376, 182 F.2d 677, cert. den. 340 U.S. 828, 71 S.Ct. 65, 95 L.Ed. 608 (1950), the court stated:

"The basic premise of Appellant's position is that he could not get fair treatment in the courts of Georgia, either state or federal * * *

"We are asked to assume that appellant would not be protected by the courts in Georgia. We not only decline to make the assumption but we repudiate the suggestion that we make it. We will not impugn either the capacity or the integrity of the state courts of Georgia or of any other state. And even if we were to assume, upon the basis of this fugitive's allegations,

that the state courts are impervious to his assertions, we would make no such assumption concerning federal courts having jurisdiction in that state. Those courts of the United States are as capable and faithful as are the courts of this or any other jurisdiction. If that Court of Appeals errs, *certiorari* to the Supreme Court will lie.

"If we will not assume the non-availability of courts in Georgia, we are asked to permit petitioner to present evidence upon the non-availability and then to determine the question. There is an established procedure for the correction of error or dereliction on the part of every court in the country, and where constitutional rights are involved the Supreme Court of the United States stands watchman over every court, state or federal. It would be an act of unwarranted arrogance for us to ascribe to ourselves virtue superior to that of other courts and so to assert power to hear and determine the faithfulness to duty of a sister court occupying a place like ours in the federal system. We have not the slightest semblance of authority over such courts. We might differ with them in opinion, but to us the availability of the Georgia federal courts to protect appellant is not 'merely a presumption'."

In Woods v. Cronvich, 396 F.2d 142 (5th Cir. 1968), the rules governing habeas corpus and extradition proceedings are set forth as follows:

"The courts of the asylum state are limited to deciding whether (1) a crime has been charged in the demanding state; (2) the fugitive in custody is the person so charged; and (3) the fugitive was in the demanding state at the time the alleged crime was committed. United States ex rel. Tucker v. Donovan, 321 F.2d 114 (2d Cir. 1963), cert. denied sub nom. Tucker v. Kross, 375 U.S. 977, 84 S.Ct. 496, 11 L.Ed. 421 (1964); Brown v. Ward, 107 U.S.App.D.C. 220, 275 F.2d 884 (1960); Johnson v. Matthews, 86 U.S.

App.D.C. 476, 182 F.2d 677 (1950), cert. denied, 340 U.S. 828, 71 S.Ct. 65, 95 L.Ed. 608 (1950). Inquiry into the constitutionality of the Ohio indictment not only would usurp the power and responsibility of the courts of Ohio, but would frustrate the purpose of the extradition procedures as well. See Hale v. Crawford, 65 F.2d 739 (1st Cir.) cert. denied, 290 U.S. 674, 54 S. Ct. 92, 78 L.Ed. 581 (1933)."

Also, Drew v. Thaw, 235 U.S. 432, 35 S.Ct. 137, 59 L.Ed. 302 (1914).

In view of the foregoing authorities, it is held that petitioner's first allegation is not cognizable by this court, and no relief can be granted thereunder.

In regard to petitioner's second allegation, the language of the court in United States ex rel. Vitiello v. Flood, 374 F.2d 554 (2nd Cir. 1967) is controlling. It was there held as follows:

"There is no merit to the petitioner's contention that the burden of proof placed upon him was too heavy. It was settled long ago that the burden of proving that the accused was not present in the demanding state at the time the crime was committed rests upon him and that, to meet it, he must conclusively establish his absence by clear and convincing proof. State of South Carolina v. Bailey, supra, 289 U.S. [412] at 421, 53 S.Ct. 667 [77 L.Ed. 1292]; People of State of Illinois ex rel. McNichols v. Pease, 207 U.S. 100, 112, 28 S.Ct. 58, 52 L.Ed. 121 (1907); Munsey v. Clough, supra [96 U.S. 364, 25 S.Ct. 282, 49 L. Ed. 515]. In the present case there was conflicting evidence, and so long as there was sufficient state's evidence to support the court's finding of probable cause its conclusions must stand and New York is obligated to surrender the petitioner to Florida for trial. Hyatt v. People of State of New York ex rel. Sorkan, supra, 188 U.S. [691] at 710–711, 23 S.Ct. 456, 47 L.Ed. 657; Moncrief v. Anderson, supra, [119 U.S.App.D.C. 323], 342 F.2d 902 at 904."

Furthermore, the record reflects, and the court so finds, that petitioner never raised the question of identity in the extradition process. Nevertheless, the State presented convincing and uncontradicted evidence that identified the petitioner as being the defendant charged and as having been in the State of California at the time of the commission of the offense.

In view of the foregoing authority, petitioner is entitled to no relief under his second allegation, since he has never overcome or even attempted to overcome this presumption.

By his third allegation, petitioner challenges the interpretation and application of procedural statutes of the State of Texas. The Court of Criminal Appeals, the court of highest jurisdiction in criminal matters in the State of Texas, has construed these statutes in a manner adverse to petitioner's contentions. This court is bound by that construction. The construction by the courts of a state of its procedural statutes is, and should be, binding on the federal courts. The state courts are the final arbiters as to such questions.

In Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the court established a doctrine which has been the law of the land from 1938 until today. Mr. Justice Brandeis, speaking for a majority of the court, set forth the rule:

"Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. And no clause in the Constitution purports to confer such a power upon the federal courts * * * *"

Petitioner's third allegation is without merit, and no basis for relief is shown thereby.

For the foregoing reasons the petition for the writ of habeas corpus should be, and it is hereby, denied.

Respondent is directed to maintain custody of petitioner for a period of thirty days, in order that petitioner may perfect his appeal to the Court of Appeals for the Fifth Circuit; and the mandate of the Court of Criminal Appeals shall be, and it is hereby, stayed for such period.

Signed and entered this 1st day of July, 1970.

/s/ WM. WAYNE JUSTICE
United States
District Judge

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

The time for issuance of the mandate is shortened to September 11, 1970. The request for stay of the mandate pending application to the Supreme Court of the United States for writ of certiorari is denied.