UNITED STATES ex rel. Clarence
TYLER, Plaintiff-Appellant,

v.

C. Murray HENDERSON, Warden,
Louisiana State Penitentiary,
Defendant-Appellee.

No. 71–1504.

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1971.

Lewis R. Morgan, Circuit Judge, concurred specially and filed an opinion.

Cynthia Picou, Leon A. Picou, Jr., St. Francisville, La., for plaintiff-appellant.

Jack P. F. Gremillion, Atty. Gen. of La., Stacey Moak, Baton Rouge, La., for defendant-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Finding no error in the result reached by the district court, 322 F.Supp. 142, we affirm the denial of habeas corpus relief.

Appellant, Clarence Tyler, was convicted of armed robbery in Mississippi in 1959 and received a ten year prison term. After serving approximately one month of his sentence, Tyler was turned

over to North Carolina authorities to serve a sentence which had been imposed by that state. When he completed his North Carolina prison term on October 7, 1965, he was confronted with a demand for extradition filed by the Mississippi authorities who sought custody so that he might complete the remainder of the sentence imposed on him by Mississippi in 1959. Tyler resisted by filing an application for a writ of habeas corpus in the Superior Court of Northampton County, North Carolina.

On October 11, 1965, a hearing was held and the writ was granted. The Superior Court found that Tyler was convicted of the crime of armed robbery in Mississippi for which he was to serve a ten year sentence in the Mississippi State Penitentiary. The court further determined that, by executive order, Tyler was released to the North Carolina prison authorities and was returned to North Carolina after he waived extradition as a result of an alleged "understanding" entered into with the Superintendent of the Mississippi State Penitentiary that he (Tyler) would not be asked to return to Mississippi after serving his North Carolina prison term. Having made this factual determination, the North Carolina Court concluded that Tyler was not a fugitive from justice and that therefore he was illegally restrained of his liberty. Thereupon, Tyler was released.

After his release Tyler traveled to Louisiana where he was subsequently charged and convicted of simple burglary, for which he was sentenced to serve five years in the Louisiana State Penitentiary at Angola, Louisiana. When he had completed that term he was once again faced with a detainer filed by the Mississippi authorities. Tyler again resisted extradition, this time by filing an application for a writ of habeas corpus in the state courts of Louisiana. After a hearing, the state court agreed with the contention of respondent State of Louisiana and found as a matter of fact that Mississippi had not shown a lack of

interest in Tyler. Tyler was denied habeas corpus relief. After exhausting his state remedies,[1] Tyler filed the present application for habeas corpus in the United States District Court for the Eastern District of Louisiana. The State of Louisiana not only took the same position it did before the state courts but also urged that the District Court was limited in reviewing this matter to deciding "whether a crime has been committed in the demanding State, whether the fugitive in custody is the person charged, and whether the fugitive was in the demanding State at the time the alleged crime was committed."

Tyler on the other hand contended: (a) that the North Carolina judgment was binding on both the Louisiana courts and the federal district court and should be accorded full faith and credit; (b) that the judgment of the North Carolina court was *res judicata* and that the findings of the North Carolina court were conclusive in these matters; and (c) that extradition through the exercise of this detainer would subject Tyler to double jeopardy and violate the due process clause of the Fourteenth Amendment of the United States Constitution.

The district court denied relief, reasoning that since the doctrine of res judicata has no place in habeas corpus proceedings "there is no legal impediment to this Court considering fully, and *de novo*, on its merits, the petitioner's application for habeas corpus, even though a similar writ had been previously granted by another court." After noting that the North Carolina court's decision had resulted from an erroneous application of Mississippi law, the district court concluded that (1) to deny the writ did no violence to the full faith and credit clause of Article IV of the United States Constitution; (2) the judgment of the North Carolina court in the case which it had before it did not operate as res judicata; and (3) to deny the writ in the present case would not constitute double jeopardy nor violate the due process clause of the Fourteenth Amendment

1. State ex rel. Tyler v. Henderson, 254 La. 791, 226 So.2d 921 (1969).

to the United States Constitution. Tyler appealed to this court urging substantially the same grounds he urged before the Louisiana state and the federal district courts.

The pertinent command of the Constitution is:

A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime. U.S.Const. Art. IV, § 2, cl. 2.

This Circuit has declared that the, issues which a federal court of the asylum state may consider in a habeas corpus review of interstate rendition proceedings are narrowly limited to three questions: Was the crime committed in the demanding state? Is the person in custody the person charged with the crime? Was the fugitive in the demanding state at the time the alleged crime was committed? *See* Watson v. Montgomery, 431 F.2d 1083 (5th Cir. 1970); Woods v. Cronvich, 396 F.2d 142 (5th Cir. 1968). "It long has been established that, for purposes of extradition between the states, it does not matter what motive induced the departure." Drew v. Thaw, 235 U.S. 432, 439, 35 S. Ct. 137, 138, 59 L.Ed. 302 (1914). One is subject to extradition even if he left the state with the knowledge of, or without objection by, the authorities of the demanding state. Bassing v. Cady, 208 U.S. 386, 28 S.Ct. 392, 52 L.Ed. 540 (1908).

Since the surrender is so clearly mandated by the Constitution, it is not often to be interfered with by habeas corpus. Habeas corpus is an inappropriate legal device for speculation in the asylum state as to what ought to be the result of a trial in the felon's home state. Drew v. Thaw, supra. Likewise, habeas corpus is not to be used as a forum for inquiry into motives of the governors of the demanding and surrendering States. Matters of defense, such as the running of the statute of limitations, Biddinger v. Commissioner of Police, 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193 (1917), or the contention that the continued confinement in the prison of the demanding state would amount to cruel or unusual punishment, Sweeney v. Woodall, 344 U. S. 86, 73 S.Ct. 139, 97 L.Ed. 114 (1952), cannot be heard on habeas corpus in the surrendering state, but should be tested in the courts of the demanding state, where all the parties may be heard, where all pertinent testimony will be readily available, and where suitable relief, if any, may be fashioned. *A fortiori*, the defense of *res judicata* must be presented in the courts of Mississippi and the federal habeas court below was in error in considering this matter. It was, with like force, error for that court to adjudicate the question of whether Mississippi had surrendered Tyler to North Carolina under circumstances amounting to the equivalent of a pardon. *See* Shields v. Beto, 370 F.2d 1003 (5th Cir. 1967), *cf.* Hanks v. Wideman, 434 F.2d 256 (5th Cir. 1970) and the cases there cited. We, therefore, vacate the findings of the court below on these issues. However, the record before us makes it evident that Tyler meets the three pertinent criteria for extradition to Mississippi. Therefore, the denial of habeas corpus relief is

Affirmed.

LEWIS R. MORGAN, Circuit Judge (specially concurring):

I reluctantly concur in the results reached by majority for the reason that the District Court in Louisiana (the asylum state) may consider in a habeas corpus review of interstate rendition proceedings only three questions: Did Tyler commit a crime in Mississippi? Is Tyler the person charged with the crime? Was Tyler in Mississippi at the time the alleged crime was committed? See Watson v. Montgomery, 5 Cir. 1970, 431 F.2d 1083; Johnson v. Matthews, 86 U.S.App.D.C. 376, 182 F.

2d 677, cert. den. 340 U.S. 828, 71 S.Ct. 65, 95 L.Ed. 608 (1950).

Unlike the petitioner in Shields v. Beto, 5 Cir., 1967, 370 F.2d 1003, Tyler is attempting to assert the merits of his contentions in the court system of the asylum state. Whether his extradition to North Carolina by the Mississippi authorities and his release by Mississippi before expiration of his sentence constituted a waiver of jurisdiction over him must first be tried in the demanding state. In our case of Shields v. Beto, supra, where the State of Texas was the demanding state, this court followed the Sixth Circuit in the case of Thompson v. Bannan, 298 F.2d 611, in its holding that the surrender to another state while the prisoner is serving a sentence is equivalent to a pardon. See also Ex parte Guy, 41 Okl.Cr. 1, 269 P. 782, and In re Jones, 154 Kan. 589, 121 P.2d 219.

Likewise the question of whether Tyler can be required to serve his Mississippi sentence in installments contrary to our holdings in Shields v. Beto, supra, and White v. Pearlman, 10 Cir. 1930, 42 F.2d 788, must be referred to the Mississippi courts.