Mark Brian PRICE, Petitioner-Appellant,

v.

Peter J. PITCHESS, Sheriff of Los Angeles County, State of California, Respondent-Appellee.

No. 74–2940.

United States Court of Appeals, Ninth Circuit.

May 16, 1977.

As Amended July 7, 1977.

Rehearing Denied July 11, 1977.

Joan Celia Lavine, Los Angeles, Cal., argued for petitioner-appellant.

Dirk L. Hudson, Deputy Dist. Atty., Appellate Div., Los Angeles, Cal., argued for respondent-appellee.

Before ELY and TRASK, Circuit Judges, and EAST,* District Judge.

TRASK, Circuit Judge.

This is an appeal from the district court's denial of appellant's petition for a writ of habeas corpus and from the court's denial of appellant's motion for reconsideration.

On November 19, 1969, appellant allegedly sold an hallucinogenic drug, LSD, to a Utah undercover officer. Based on this information and information obtained from a confidential informant, police officers. obtained a warrant to search appellant's residence. Evidence seized during the search furnished the basis for a complaint charging appellant with possession of narcotics for sale.

On January 15, 1970, before the City Court of Layton, Davis County, Utah, appellant successfully moved to suppress the evidence seized in the search of his residence. The court dismissed the case on the County Attorney's motion, there being no evidence against appellant other than that which was suppressed. Appellant apparently left Utah that same day.

On January 26, 1970, the complaint presently challenged, charging appellant with unlawful sale of hallucinogenic drugs on November 19, 1969, was issued, and an arrest warrant was obtained. Utah authorities contacted the FBI on March 18, 1970, and requested their assistance in locating appellant. On March 31, it was learned that appellant was probably in the Los Angeles area. Appellant was arrested on April 30, 1972, by an FBI agent in Burbank, California. At the time of his arrest appellant produced a Hawaii driver's license and a social security card bearing the name "Taylor Evan Craig." He stated that he was using that name and that the Hawaiian address on his license was his last permanent residence.

On December 12, 1972, Utah authorities filed a fugitive complaint in the Municipal Court of the Los Angeles Judicial District. On January 4, 1973, pursuant to an application by the Davis County Attorney, the Governor of Utah granted an extradition requisition. The Governor of California issued an extradition warrant on January 17, 1973. After a full hearing by California's Extradition Officer, appellant was ordered extradited. Appellant then attempted to obtain habeas corpus relief from the California courts and by certiorari before the United States Supreme Court. His petitions were denied.

The present habeas corpus petition was filed on April 13, 1973. On October 29, 1973, a status hearing was held where appellant's counsel indicated that the identity of her client was the only disputed factual matter since the requisitioning documents from Utah asked for "Brian Michael Price" instead of "Mark Brian Price." Since Utah had previously attempted to prosecute appellant under his correct name, counsel argued that the incorrect name could be an attempt to camouflage the previous prosecution. This issue has been abandoned on appeal.

Following review of the documents submitted in support of the contentions of the parties the district court denied appellant's petition and also his motion for reconsideration. He appeals.

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

■ Appellant's major contentions on appeal are that double jeopardy and the absence of a speedy trial can be raised to defeat extradition in a habeas corpus proceeding before a federal court sitting in the asylum state. We disagree.

■ A court in the asylum state—be it state or federal—conducts a very limited inquiry on applications for habeas corpus in extradition proceedings. *United States ex rel. Tucker v. Donovan*, 321 F.2d 114, 116 (2d Cir. 1963), *cert. denied sub nom. Tucker v. Kross*, 375 U.S. 977, 84 S.Ct. 496, 11 L.Ed.2d 421 (1964). Specifically,

"[t]he courts of the asylum state are limited to deciding whether (1) a crime has been charged in the demanding state; (2) the fugitive in custody is the person so charged; and (3) the fugitive was in the demanding state at the time the alleged crime was committed." *Woods v. Cronvich*, 396 F.2d 142, 143 (5th Cir. 1968).

Appellant seems to concede that the inquiry is so limited; however, he contends that he is not a "fugitive from justice," both because Utah is barred from charging him with a crime under the double jeopardy clause and because Utah has denied him a speedy trial.

First, as to double jeopardy, appellant argues that because relatively recent cases, such as *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), and *Fain v. Duff*, 488 F.2d 218, 221–24 (5th Cir. 1973), *cert. denied*, 421 U.S. 999, 95 S.Ct. 2396, 44 L.Ed.2d 666 (1975), have applied the double jeopardy clause to the states through the Fourteenth Amendment and have considered the double jeopardy issue in federal habeas corpus proceedings instituted by persons incarcerated under state law, the double jeopardy clause should be added as a new dimension to the concept of "fugitive from justice."

Although imaginative, appellant's theory must fail. All previous attempts to raise the Bill of Rights in habeas corpus proceedings before federal courts sitting in the asylum state have been unsuccessful. *See Sweeney v. Woodall*, 344 U.S. 86, 73 S.Ct. 139, 97 L.Ed. 114 (1952) (Eighth Amendment); *Watson v. Montgomery*, 431 F.2d 1083 (5th Cir. 1970) (Sixth Amendment); *Woods v. Cronvich, supra* (Fourth Amendment); and *Johnson v. Matthews*, 86 U.S. App.D.C. 376, 182 F.2d 677, *cert. denied*, 340 U.S. 828, 71 S.Ct. 65, 95 L.Ed. 608 (1950) (Sixth Amendment and the Bill of Rights generally). In each instance, the underlying reason for refusing to hear petitioner's constitutional claim has been the need to preserve the scheme of interstate rendition set forth in both the Constitution and the statutes that Congress has enacted to implement the Constitution, which scheme "contemplates the prompt return of a fugitive from justice as soon as the state from which he fled demands him." *Sweeney v. Woodall, supra*, 344 U.S. at 90, 73 S.Ct. at 141. As the Fifth Circuit observed in *Woods v. Cronvich, supra*, at 143:

"It is fundamental to our federal system that neither the courts of the asylum state, nor federal courts sitting in that state, seek to determine the constitutionality of prosecution in the state from which a fugitive has fled. It is for the courts of the charging state in the first instance to adjudicate the merits of appellant's claim."

Appellant offers no reason or authority for treating double jeopardy differently than any other provision of the Bill of Rights for purposes of extradition, and we can think of none. Therefore, we hold that the district court did not err in refusing to consider appellant's double jeopardy contention.

Appellant's speedy trial claim also must fail for the same reason. *Johnson v. Matthews, supra*, examined the same speedy trial contention that appellant advances here. In *Johnson v. Matthews* the District of Columbia Circuit expressly ruled that a federal court sitting in the asylum state could not consider petitioner's claim that his Sixth Amendment right to a speedy trial had been violated. *Id.* at 680. We agree with the reasoning of the District of Columbia Circuit in *Johnson v. Matthews*, and therefore hold in the instant case that the trial court did not err in refusing to con-

sider appellant's contention that his right to a speedy trial has been violated.

Appellant also contends on appeal that he was denied due process when the district court required that his response to appellee's return be filed on November 14, 1973, at 5 p. m.—only five hours after appellee's return was filed. Appellee seeks to rebut appellant's contention by pointing out that appellant actually had until November 21, 1973, or a full seven days from the date that appellee filed his return, to file all documents in support of his petition. Appellee further notes that appellant, in fact, filed supplemental points and authorities in support of his petition on November 16, 1973, or two days after the November 14 deadline.

 In ruling on appellant's contention, we observe at the outset that appellant's attorney, having already litigated this case through the California courts, was thoroughly familiar with the facts and issues underlying appellant's petition for habeas corpus. Further, we note that counsel managed a lengthy and thorough response to appellee's return, and, in addition, filed supplemental points and authorities subsequent to the November 14 deadline. In short, we are not persuaded that appellant was prejudiced by the schedule established by the district court for filing memoranda. Therefore, we hold that appellant was not denied due process by the procedure used in the court below.

Appellant next contends that the district court erred in relying solely on the Governor of California's determination that appellant is a fugitive from justice. Appellant's argument is based on a misstatement of the facts. The district court explicitly declared that it based its order denying appellant's motion for rehearing not only on the determination made by the Governor of California, but also on the court's own findings of fact. Therefore, we find that appellant's argument is based on an incorrect statement of fact and is meritless.

Finally, appellant contended at oral argument that under the standard of *Rob-*

*erts v. Reilly,* 116 U.S. 80, 6 S.Ct. 291, 29 L.Ed. 544 (1885), the documentation presented to the Governor of California was deficient. We note at the outset that this assignment of error was neither raised in the court below, included in appellant's designation of points on appeal, nor discussed in appellant's or appellee's briefs. We find good reason for appellant's apparent lack of enthusiasm in raising this contention. The contention is frivolous. An examination of the Clerk's transcript shows the existence of the necessary authentication by Utah's Governor of essential exhibits, including Utah's complaint against appellant. Contrary to appellant's assertion, the standard set forth in *Roberts v. Reilly, supra,* at 95, 6 S.Ct. 291, is met in this case.

The order of the district court denying appellant's petition for writ of habeas corpus is affirmed.