816 F.2d 679
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elvester GOREE, Petitioner-Appellant,
v.
Edwin H. CUNNINGHAM, Respondent-Appellee.
 No. 86-3310.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1987.
 
 Before LIVELY, Chief Judge, and MARTIN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this federal habeas corpus action, Elvester Goree attacks the warrant issued by the governor of Ohio for his extradition from Ohio to Georgia. Goree has shown no reason to rebut the presumption of correctness of the governor's warrant, and we affirm the ruling of the district court denying his petition for habeas corpus.
 
 I.
 
 2
 Goree was arrested for speeding in Ohio, and a computer check of the car's license revealed that the car's owner, Elvester Goree, had an outstanding felony warrant for second-degree forgery in the state of Georgia. Georgia police were notified, the governor of Georgia requested extradition, and the governor of Ohio issued an extradition warrant. Goree attacked the petition in the Ohio courts, and ultimately an evidentiary hearing was held before the Ohio Eleventh District Court of Appeals. At that hearing, a Georgia detective testified about his interviews with witnesses in Georgia and their identification of Goree from a photographic lineup as the perpetrator. The detective could not identify Goree from his personal knowledge.
 
 
 3
 The indictment charged that the crimes were committed on October 7, 1983, and June 8 and June 22, 1984. Goree presented documents showing that he was in jail in Oklahoma throughout October 1983, and a passport and receipts showing that he was in New Jersey in early June of 1984 and in Canada in late June of 1984. The Ohio court agreed that Goree could not have been in Georgia at the time of the 1983 incident, but found that he had not sustained his burden of proof as to the other dates.
 
 II.
 
 4
 The scope of review of federal courts on a habeas corpus petition attacking an extradition warrant is quite narrow. Michigan v. Doran, 439 U.S. 282 (1978); Demjanjuk v. Petrovsky, 776 F.2d 571 (6th Cir.1985). The only areas open for contention here are whether Goree is in fact the person named in the request for extradition, and whether he was within the jurisdiction of the state of Georgia at the time of the crimes and consequently could have committed them.
 
 
 5
 On the first point, the Georgia detective's recitation of both the investigative efforts and identification in Georgia was certainly adequate to establish Goree's identity. His testimony is essentially unrefuted by Goree, who only raises the procedural question of his ability to present hearsay. There is certainly no requirement that the entire evidence from the state of Georgia be put on in Ohio on the extradition hearing in a way that would have been sufficient at the trial itself. The burden is on Goree to show that he is not the person named in the indictment. See Michigan v. Doran, 439 U.S. 282, 289 (1978). He has completely failed to do so.
 
 
 6
 The logical basis of Goree's second claim is essentially alibi. If he was in some place other than the scene of the crimes, he could not have committed them and thus should not be required to return and stand trial. While a similar logical basis could apply to the refutation of almost any of the elements of a crime, the constitutional basis for allowing only the alibi attack appears to be that warrants need be honored only where the person in question is a fugitive from the demanding state. In South Carolina v. Bailey, 289 U.S. 412 (1933), the court appeared to indicate that a person might defeat extradition if he could prove that he was not within the state at the time of the offense, because he "consequently, could not be a fugitive from her justice." Id. at 421. As a logical matter, of course, an accused could just as clearly show the impossibility of his committing a crime in Atlanta, Georgia by proving that he was in Savannah, Georgia, as he would by proving he was in Birmingham, Alabama. Nevertheless, the standard has always been stated as proving that the accused was outside the state of the crime rather than simply absent from the scene of the crime.
 
 
 7
 Considered on that basis, Goree's evidence has major defects. Even taking all of his evidence at face value (and considering that the crime with which he is charged is forgery, that may not be a necessary concession), his papers show at most that he received his repaired car in New Jersey on the date of the June 8 offense, and that he entered Canada and stayed in a hotel there the day before the June 22 event. This evidence may show that it required some travel and difficulty for him to be in Georgia on the dates of the two offenses, but in no way makes it logically impossible or even highly dubious.
 
 
 8
 State court findings on habeas corpus proceedings attacking extradition are entitled to a presumption of correctness. Sumner v. Mata, 449 U.S. 539 (1981). The burden of showing that he was not in Georgia on the dates charged is on Goree. Michigan v. Doran, supra; South Carolina v. Bailey, supra. There is some question as to whether the appropriate standard for the accused meeting this burden is that he must present clear and convincing proof, or proof beyond a reasonable doubt. South Carolina v. Bailey uses both terms within the same paragraph. 289 U.S. 412, 421 (1933). Several circuits have stated that clear and convincing proof is the standard. Watson v. Montgomery, 431 F.2d 1083 (5th Cir.1970); U.S. ex rel. Vitello v. Flood, 374 F.2d 554 (2d Cir.1967); Moncrief v. Anderson, 342 F.2d 902 (D.C.Cir.1964). Our circuit has stated in dictum that the standard is proof beyond a reasonable doubt. Pikulsky v. Hickey, 731 F.2d 382, 390 (6th Cir.1984).
 
 
 9
 In this case, it is unnecessary to resolve this issue, as Goree's proof is far from clear and convincing. Its weakness is clearly shown in relation to the evidence the state court did accept, which was proof from an official agency of his incarceration throughout the period of time surrounding the December, 1983 charge. Here, Goree's evidence shows at most his peripatetic nature.
 
 
 10
 The judgment of the district court is AFFIRMED.